CASE No. 1048.

STATE v. GATHERS.

STATE v. SMALLS.

1. An appeal cannot be taken by the state from a judgment of acquittal in the Court of General Sessions. *Const., Art. I.,* § 18.
2. This court cannot consider merely speculative questions and give opinions upon disputed points of law, where no rights affecting parties before it are involved.

Before MACKEY, J., Charleston, February, 1881.

These cases were an indictment against Mack Gathers for assaulting and resisting an officer, and an indictment against James Smalls for a like offence. It does not appear when the indictments were found, nor when the offence of Gathers was alleged to have been committed. The assault was made by Smalls, according to the indictment, on June 20th, 1880.

Under the charge of the presiding judge the defendants in both cases were acquitted. The state appealed.

*Mr. Solicitor Jervey,* for appellant, contended that the state could appeal, although the defendants could not be tried again ; and cited 15 *Rich.* 274 ; 1 *Bailey* 651 ; *Dudley* 295, 296. With him was associated the attorney-general.

*Mr. S. J. Lee,* contra, cited *Const., Art. I.,* § 18 ; 2 *N. & McC.* 16 ; 19 *Mo.* 683.

July 5th, 1881. The opinion of the court was delivered by

McGOWAN, A. J. We will consider these cases together. The indictment in each was for " resisting an officer " in the discharge of his duty. In the first case named in the caption the officer was " a special constable who had not given official bond," and in the case second stated he was " a police officer in the city of Charleston acting without process." The law bearing upon the two cases is not the same, and much might be said as to the rulings of the Circuit judge in both cases; but in the view which the court takes as to their right to entertain the appeals, they involve identically the same point. Under the charge of the judge the defendants were acquitted and discharged. The solicitor in behalf of the state, alleging error on the part of the judge in each case, appealed to this court and now moves for a new trial in both cases.

Whether or not the Circuit judge erred in his rulings of the law, the defendants were acquitted and discharged and are now out of court. We cannot grant a new trial at the instance of the state. In one of the amendments to the constitution of the United States this declaration appears : " Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." In the case *Ex parte Lange*, 18 *Wall.* 163, it was held that " if there is anything settled in the jurisprudence of England and America it is that no man shall be twice punished by judicial judgments for the same offence." Mr. Justice Miller in delivering the judgment says : " The common law not only prohibited a second punishment for the same offence, but it went further and forbid a second trial for the same offence, whether the accused had suffered punishment or not, and whether in the former trial he had been acquitted or convicted. Hence to every indictment or information charging a party with a crime or mis-demeanor, whether at the common law or by statute, a plea of *autrefois acquit* is a good defence."

In one of the earliest cases in our reports, (*State* v. *Wright*, 2 *Treadway* 517,) it was held that there " can be no new trial in a criminal case where the defendant is acquitted."

In the case of *State* v. *Bowen*, 4 *McC.* 253, Judge Nott says : " It has not been usual in any case of a criminal prosecu-

tion to grant a new trial for any cause where the party has been acquitted. In the case of *State* v. *Wright et al.*, 2 *Treadway* 517, the court were unanimously of opinion that a new trial ought not to be granted even in a case of misdemeanor where the defendant had been acquitted, and that case appears to have been well considered and a great many authorities are adduced in support of the opinion. "I will not say that a case may not be so circumstanced as to authorize the court to grant a new trial where the defendant has been acquitted, but I do not think the right to do so is established by the case of the *King* v. *Mawbey*, 6 *Durnf. & East* 619, which was relied on for that purpose," &c.

The case of *State* v. *Edwards*, 2 *N. & McC.* 15, was an indictment for fighting a duel. The witnesses refused to testify and the defendant was acquitted. The state moved for a new trial and Judge Colcock said : " On the question whether such an appeal can be sustained I entertain no doubt. I think I can venture to say that no case can be found where a new trial has been granted, unless where it has been affected by the fraud or artifice of the accused. * * * Where a criminal case is put to a jury it cannot be withdrawn except by the consent of the accused or by some unavoidable accident to one of the jury or the court," &c.

If it was the duty of courts not to grant new trials in such cases upon motion of the solicitor for the state *before* our new constitution of 1868, that duty is now very much more plain under that instrument, which expressly and in terms declares in Section 18, Article I., that " no person, *after having been once acquitted by a jury*, shall again, for the same offence, be put in jeopardy of his life or liberty."

This court cannot consider merely speculative questions and give opinions upon disputed points of law. Our duty is to pronounce practical judgments, to settle and determine the rights of parties. There must be an actual existing case to call into exercise the judgment of the court. Even in a controversy submitted without action it must appear by affidavit that the controversy is real and the proceeding in good faith.

It is said that it would be useful to settle the law involved in these cases. A mere theoretical opinion, in a supposed case,

would not accomplish that purpose and would be a bad pre-cedent.

The judgment of this court is that these appeals on the part of the state, after acquittal, cannot be entertained and are dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.