ALEXANDER BROS. v. GREENVILLE COUNTY.

HAWKERS AND PEDDLERS—STATUTE CONSTRUED.—A merchant who keeps in stock sample pianos, organs, and sewing machines, and only delivers by his wagons, after orders taken, and occasionally sells direct from the wagons an instrument taken in exchange, is not a hawker and peddler, under 21 Stat., 407. Hawker and peddler defined. Following *State* v. *Morehead*, 42 S. C., 211.

Before EARLE, J., Greenville, June, 1896. Reversed.

Claim by Alexander Bros. against Greenville County for license tax as hawkers and peddlers, paid under protest. County board of commissioners disallowed the claim. Plaintiffs appealed. Circuit Court affirmed judgment below. Plaintiffs appeal.

*Mr. J. A. McCullough,* for appellants, cites: 42 S. C., 211.

*Mr. T. K. Earle,* contra, cites: 21 Stat., 407; 42 S. C., 211.

July 1, 1897.  The opinion of the Court was delivered by

MR. JUSTICE POPE.  The appellants have been doing business in the city of Greenville, in this State, as merchants for five and a half years—paying city, county, and State taxes upon all their stock of merchandize; they deal in musical instruments and sewing machines—rarely keeping more than one organ or sewing machine at a time; they take orders from the people in their store in the city for these things, and then deliver them to those living in the country around from their wagon; but in the event their agent while in the country filling orders can sell a new or an old machine taken in exchange for a new one, it is done. The General Assembly of this State passed an act in 1893 (see 21 Stat. at Large, 407,) to amend the law as to hawkers and peddlers, so that those plying that business in the county should pay a license tax of $75 to the clerk of court for a license as such, &c.—especially mentioning hawking and peddling pianos, organs, sewing machines, etc.  In April, 1894, the appellants were required to pay this license, which they did under protest.  Thereafter they presented their claim for the sum of $75 against the county, and it was disallowed by the county board of commissioners.  The appellants appealed to the Circuit Court, and Judge Earle, who heard said appeal, dismissed the same.  They now come before this Court on two exceptions to Judge Earle's decree or order, as follows: "1. That his Honor erred in dismissing plaintiffs' [appellants'] appeal, it appearing from the testimony that the plaintiffs during the year 1894 sold no articles as hawkers and peddlers, and were, therefore, not liable for said license tax.  2. That his Honor erred in not sustaining plaintiffs' exceptions from the judgment of the county board of commissioners and the county supervisor, which was as follows: 'Because the said plaintiffs having paid the license fees required under protest, and the evidence showing that they sold no articles as hawkers and peddlers, said board erred in not approving their said claim, and in not ordering their said license tax refunded.'"

The exceptions raise practically the one question, namely, that the appellants are not hawkers and peddlers, and, therefore, not liable, under the act in question, to pay any license fee as such.   In the year 1840, in the case of *The State* v. *Belcher*, 1 McM., 40, this Court decided that a hawker and peddler in this State was "an itinerant trader who carries goods, &c., through the streets from town to town and from place to place."   The appellants having a storehouse in the city of Greenville, where they keep and sell musical instruments, such as organs, pianos, and the like, as well as sewing machines, cannot be said to be hawkers and peddlers, for they are not itinerant traders who carry goods through the streets from town to town and place to place. An occasional sale from a delivery wagon would not make them hawkers and peddlers.   But we need not pursue this discussion, for the recent case of *The State* v. *Moorehead*, 42 S. C., 211, is a case under this same statute, and upon a state of facts very similar to those in the case at bar, and is decisive of these questions.   These merchants cannot be held to be hawkers and peddlers under that decision.   Both the county board of commissioners and the Circuit Judge were in error.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that this cause be remanded to the Circuit Court, with directions to enforce this judgment of the Supreme Court.

MR. JUSTICE GARY.   I concur under the authority of *State* v. *Moorehead*, 42 S. C., 211, in which I filed a dissenting opinion.