STATE v. COOP.

HAWKER AND PEDDLER—CRIM. CODE, 294.—One who delivers a por-
trait already sold, in a frame, with option to the purchaser to buy a
frame, as set out in the contract of sale of the portrait, is not a hawker
and peddler under Crim. Code, 294, in selling the frame to the pur-
chaser of the portrait. MR. JUSTICE JONES *dissents.*

Before BUCHANAN, J., Orangeburg, January, 1898. Re-
versed.

Indictment in magistrate court against C. E. Coop for
hawking and peddling. Defendant convicted and appeals.
Appeal dismissed, and he then appeals to this Court.

*Mr. P. H. Nelson,* for appellant, cites: *Is the defendant a
hawker and peddler:* Crim. Code, 294; 16 Stat., 407; 1 McM.,
40; 41 S. C., 211; 49 S. C., 527; 75 Ia., 74; 114 Mass., 267.
*Is the act unconstitutional:* 120 U. S., 489; 39 Kan., 764;
137 Ill., 534; 39 S. W. R., 1; 133 Pa., 284; 153 U. S., 289.

*Solicitor Jervey,* contra (oral argument).

July 5, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried and con-
victed before a magistrate for selling picture frames without
a license. The "Case" contains the following agreed state-
ment of facts, to wit: "The Chicago Portrait Company is a
corporation of the State of Illinois, its place of business
being in the city of Chicago, in the said State, engaged in
the business of making portraits in oil, India ink, water
color, and pastel, from photographs. That in the prosecu-
tion of its business, the said company has agents traveling
in this and other States, who solicit orders, and, upon se-
curing an order, the agreement, marked exhibit A in the
Brief, is signed by the agent and turned over to the party
giving the order, and a duplicate forwarded to the company
at Chicago. When the portrait ordered is ready for deliv-

ery, a notification, as appears by exhibit B, is sent to the person who had ordered same, and the agent of the company delivers the portrait at the time therein named, in a frame, which the party can purchase, if he sees fit. The portraits and frames are shipped from Chicago to the place where they are to be delivered, consigned to the Chicago Portrait Company, and are received and receipted for by the agent of the company. The defendant, C. E. Coop, was delivering portaits in frames on the 5th day of May, 1897, in the town of North, county of Orangeburg, State aforesaid, in pursuance of the agreement and notification above set forth, when he was arrested, tried, and convicted for not complying with the act of 1893 in reference to hawkers and peddlers." Exhibit A is as follows: "Crayon, $1.98, unframed. Pastel, $3.96, unframed. Chicago Portrait Company, 241–247 South Jefferson street, Chicago. Portraits made in oil, India ink, water color, and pastel. We manufacture all the latest designs, and everything in the line of frames which the trade demands. On or about May 2d, 1897, we agree to deliver to the holder of this ticket a finely finished pastel portrait, 16x20, same as shown by our salesman. The purchaser agrees to pay $1.98 for the portrait when delivered. *We do not compel you to buy a frame from us,* but, owing to the delicate nature of the work, all portraits are delivered in appropriate frames, which our patrons may buy, if they desire, at wholesale prices. Elegant patterns, that retail from $4 to $8, we furnish from $1.25 to $2.90. *Remember,* we do not insist on your buying frames from us, but we think it advisable for you to be prepared to purchase, in case we make you prices from one-third to one-half the usual retail prices. Please remember the date of delivery, and have the money ready, as our deliveryman can make but one call to collect charges for same. Please be at home, or leave the money with nearest neighbor. Signed J. S. Jewel, advertising solicitor Chicago Portrait Company. $20 pastel portraits for $3.96. $10 crayon portraits for $1.98. Groups extra." Exhibit B is as follows: "Chicago,

Ill.,      , 1897. Your order for a life-size portrait has been finished, and will be delivered at your residence on or about      to    , 1897. Crayon, 16x20, $1.98 each. Pastel, 16x20, $3.96 each.   Please be prepared to receive the same, as deliveryman will have only a few hours in your city.   Remember, our deliveryman will show you a fine selection of frames, and, if you desire, you can purchase one at wholesale prices. Elegant patterns, that retail from $3 to $8, we will furnish from $1.25 to $2.90.   It will be to your interest to be prepared to purchase.   Please do not be uneasy if we are late, as we are sometimes delayed, owing to bad weather, etc.   If you have moved, or will not be at home on the above date, please leave the money with your nearest neighbor, and drop a card in your post office, addressed to our deliveryman, and tell him where you have moved, or where you have left the money for your picture.   Yours respectfully, J. L. Walkup, deliveryman.   For further information, address Jewell S. Jewell, State manager, Columbia, S. C.   Chicago Portrait Company studio, 241–247 South Jefferson street, Chicago, Ill."

The defendant appealed to the Circuit Court.   His Honor, Judge Buchanan, dismissed the appeal, whereupon the defendant appealed to this Court upon the following exceptions: "1. Because his Honor erred in overruling the defendant's exceptions and grounds of appeal from the ruling of and judgment of the magistrate herein.   2. Because his Honor erred in not holding, as he was requested to do, that the defendant was not a hawker and peddler, of whom a license was required under the provisions of the said act. 3. Because his Honor erred in not holding, as he was requested to do, that said hawkers and peddlers act is unconstitutional, in so far as it relates to the defendant for making the sales of pictures and frames in this case or in similar cases, and in conflict with art. I., sec. 8, and art. XIV., sec. 1, of the Constitution of the United States."

The statute under which the appellant was convicted has been construed by this Court, in the recent decisions of *State*

v. *Moorehead*, 42 S. C., 211, and *Alexander* v. *Greenville Co.*, 49 S. C., 527. In those cases it was decided that a person engaged in the sale of articles by sample does not become amenable to the statute against hawkers and peddlers, who does not make it his practice, but occasionally sells the sample which he is then carrying around. The reason for this rule is, because the sale of the sample is merely incidental to the regular employment of selling by sample for future delivery. Was the sale of the picture frame a mere incident to the business in which the appellant was regularly engaged? It is not contended by the State that the sale and delivery of the portraits for which orders had been previously given, was in violation of the hawkers and peddlers act, but that it was unlawful to sell the frames. The portraits and frames are shipped to the agent at the same time, and the portraits are delivered in frames, which the party is not compelled to purchase, but may do so if he sees fit. A portrait is not complete without a frame, and the frame may be properly regarded as a part of or incidental to the picture. If the person to whom the portrait was delivered did not purchase the frame in which it was then placed, he would very likely purchase a frame elsewhere. It does not appear that the agent sells the frame to any except those who had given orders for the portraits, nor that he goes to any place to sell the frames except where he is required to go to deliver the portraits. The person ordering the portrait knows then that it will be delivered in a frame, and that he will have an opportunity of purchasing it at that time. The tendency of those negotiations is to lead to a sale of the frame at the wholesale price, when the portrait is delivered. This case does not fall either within the letter or the spirit of the statute against hawkers and peddlers, and even if the statute could be construed as intending to embrace a case like this, it would be unconstitutional, on the ground of interference with interstate commerce. This Court does not undertake to say that the agent might not have sold the frames in such manner as to

have violated the said statute, but the language herein used must be construed as applicable alone to the facts of this case, which show that the sale of the frames was a mere incident to the regular employment of the agent. But it is' also conclusive of this case that it was a part of the obligation of the contract, that the party selling the picture would deliver it in a frame, with the right to the person to whom it was delivered to purchase the frame if he so desired.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the Circuit Court order a new trial.

MR. JUSTICE JONES, *dissenting.* The defendant, under the facts in this case, so far as concerns the picture frames, was a hawker or peddler, within sec. 294 of the Criminal Code of 1893. The sale of the picture frames was not exceptional or occasional merely, but was within the general scope and purpose of defendant's business. It was a part of defendant's avocation to sell a picture frame to any and every customer who had given an order for a portrait. Therefore, the rule in *State* v. *Moorehead*, 42 S. C., 211, and *Alexander* v. *Greenville County*, 49 S. C., 527, has no application here. These picture frames were not sold by sample, or pursuant to an order solicited, but were carried about from place to place within this State and sold, or offered for sale, for a price separate and distinct from the price of the portrait ordered. The fact that the frame was convenient for the use, protection, and enjoyment of the portrait can make no sort of difference in determining the question whether "picture frames" comes within the definition of goods, wares, and merchandise, and whether the sale of such goods by an itinerant, carrying them from place to place for such purpose, constitutes hawking and peddling. Nor do I think the act in question unconstitutional, as interfering with interstate commerce. The act does not discriminate against the citizens and products of another State. Without elaborating, I refer to *Machine Co.* v. *Gage*, 100

U. S., 676; *Ficklen* v. *Shelby Co.*, 145 U. S., 1; *State* v. *Emert*, 103 Mo., 241; 23 Am. St. Rep., 872; note to *People* v. *Wimple*, 27 Am. St. Rep., 562–563; note in 14 L. R. A., 97.