## CITY COUNCIL OF CAMDEN v. ROBERTS.

1. Exception too general.
2. Fresh Meats—Beef—Cities and Towns—License—Market Houses—Stallage Fees.—Under act, 22 Stat., 91, any citizen who *produces or grows* any fresh beef, &c., or any farmer or stockraiser, may sell or offer for sale any fresh beef, &c., in a city or town without paying license or stallage fees.

Before WATTS, J., Kershaw, February, 1899.    Affirmed.

Information against W. R. Roberts for violating ordinance of the city of Camden by selling beef without license. From conviction by mayor and jury he appealed to Circuit Court, and from affirmation of judgment below he appeals to this Court.

*Mr. Thos. J. Kirkland,* for appellant, cites: 22 Stat., 91; 6 W. & S., 279.

*Mr. M. L. Smith,* contra, cites: 22 Stat., 91; 17 Wend., 265.

June 26, 1899.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   The defendant was prosecuted before the mayor of the city of Camden and a jury for the violation of an ordinance which provides that "no butcher's or other fresh meat shall be offered for sale outside of the market house, unless the same shall have been first brought to the said market and stallage paid thereon."   As stated in the "Case" as prepared for argument here: "The admitted facts of the case are that W. R. Roberts sold in limits of Camden, on or about December 23d, 1898, to one DeLoach, a piece of beef without having paid any stallage or license fees.   That Roberts, at the time and for some six months, had not kept any stall or stand in the city limits, although he had at the time a stand for selling meat outside the city limits, and was in the habit of butchering cattle with his own hands and selling the beef.   He had a farm in the country where he planted crops.   Last year he planted twenty acres of corn with peas for his own use.   He lived outside city limits.   He kept some stock cattle and hogs on his farm, would purchase cattle at times, keep and feed a while, butcher and sell as beef.   The beef he sold to DeLoach was from a cow he had purchased two years previously, and had kept part of the time on farm.   He had one calf from

her which he had butchered and sold. Roberts had no stand or market in Camden after his lease of stall in city market had expired, some time previously to the date of alleged violation of the ordinance." Upon these facts the jury found defendant guilty and he was sentenced to pay a fine of $10. From this judgment he appealed to the Court of Sessions, where his appeal was heard by his Honor, Judge Watts, who dismissed the appeal and remanded the case to the mayor for the inforcement of the sentence imposed. "His honor's rulings, in substance, were that the defendant, Roberts, under the admitted facts, was not entitled to the immunities from city licenses in selling the meat in question, under the act referred to. That a person could not locate outside the city limits, buy up cattle, butcher and sell the beef in the limits without license, and only the beef from cattle bred and raised by such person could be sold without license."

From this judgment defendant appeals to this Court upon the following grounds: "1st. That his Honor erred in holding that no regular butcher, though residing outside city limits, and keeping no stand therein, could sell, without liability to license charges, any fresh beef, unless the animal from which the beef was prepared and obtained had been reared by him, and that if the animal so converted by him into beef had been purchased, he would be liable to the license fees of the city. 2. In holding that under the admitted facts of the case defendant had not produced the beef sold by him. 3d. In holding the defendant liable under the facts of the case for violation of the city ordinance."

The third ground is manifestly too general for consideration.

As to the first and second grounds, they do not represent fully and correctly the rulings of the Circuit Judge; and for this reason we might overrule them without further remark. But waiving this objection to these two grounds, we will proceed to consider what we understand to be the questions intended to be raised thereby. Inasmuch as the charter of the city of

Camden, by its thirteenth section, invests the city council with full power to grant or refuse license to butchers and others pursuing the various callings there specified within the city limits, and with "full power to regulate, by ordinances, the granting of the said licenses, and the imposition of the said taxes, and to prescribe penalties for the violation thereof" (20 Stat., at page 899); and by section 8 of the said act it is declared that the said city council "shall have full power and authority * * * to make all such rules, by-laws and ordinances respecting * * * market houses and the business thereof * * * as shall appear to them neces-sary and proper, &c.," there can be no doubt that the city council had full power to pass and enforce the ordinances under which this prosecution was instituted, unless such power has been abrogated or modified by some act of the General Assembly of this State. The act relied upon for this purpose is "An act to amend the charters of cities and towns in the regard to the sale of meats," approved 7th Feb-ruary, 1896—22 Stat., 91. So that the real question in this case is whether the act just cited repeals or modifies, and if so in what way, the powers conferred upon the city council of Camden by the charter of that city. That act, in its first section, provides that "no city or town council shall charge any citizen or citizens of this State license fees for the right to sell or offer for sale fresh beef (and other articles speci-fied), produced or grown by the vendor, excepting regular butchers, who shall keep a regular butcher's stall or market house inside the incorporated limits of any city or town in which license may be required." The second section of the act reads as follows: "Such license shall not give the holder thereof a monopoly of the sale of articles enumerated above, but any farmer or stock-raiser may sell or offer for sale at any time beef, mutton, pork or veal, in cities or towns grant-ing such licenses, without being required to pay any fee for the right so to do." The manifest object of this act was to protect farmers or stock-raisers from liability to pay any tax or license which may be imposed upon them by any munici-

pal corporation for selling or offering to sell within the city limits, any of the products of their business whether as farmers or stock-raisers. So that this act protects two classes of persons from the payment of license fees or other exactions required by the ordinance of any municipal corporation. By the first section, any citizen, "excepting regular butchers, who shall keep a regular butcher's stall or market house inside the corporate limits of any city or town in which license may be acquired," who may sell or offer for sale fresh beef, &c., "*produced or grown by the vendor*," is protected. By the second section, "farmers or stock-raisers" are protected. So that any person who seeks to avail himself of the immunity offered by this act, must show, either that the beef that he is charged with selling was produced or grown by him, or that he is a farmer or stock-raiser. Now the admitted facts in this case failed to bring the defendant within either of these classes. The beef which it is admitted he sold within the city limits was *not* from an animal "produced or grown" by him, but from a cow which he had bought. Indeed, the clear inference from the admitted facts is, that the defendant, who had kept a stall in the city as a regular butcher, had established another stall outside of the city limits, where he was carrying on the business of a regular butcher, selling his beef, &c., within the city limits, perhaps for the purpose of avoiding the city tax. He certainly cannot claim any immunity under the first section of this act; and as to the second section of the act, there is scarcely a pretense that he was either a farmer or stock-raiser.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.