## STATE v. CHAPMAN.

LABORER—LAND-OWNER—CONSTITUTION.—THE ACT, 22 STAT., 457, making it a misdemeanor for a laborer to violate a contract made with a land-owner after receiving supplies, is constitutional. *State* v. *Williams, 32 S. C., 123, distinguished from this.*

Before GAGE, J., Anderson, August, 1899. Affirmed.

Indictment against James Chapman in Magistrate Court for violation of contract. From Magistrate's judgment defendant appeals to Court of Sessions, and from affirmance of judgment below, defendant again appeals.

*Mr. E. M. Rucker, Jr.,* for appellant, cites: 22 Stat., 457; Gen Stat. 1882, 2084; 32 S. C., 123; 20 Stat., 381; 14th Amend. U. S. Con.; 120 U. S., 68; 113 U. S. 27; 134 U. S., 594.

*Solicitor Ansel,* contra.

February 16, 1900.   The opinion of the Court was de-
livered by

· MR. CHIEF JUSTICE MCIVER.   The sole question pre-
sented by this appeal is whether the acts of 1897—22 Stat.,
457—under which the appellant has been convicted, is un-
constitutional.   That statute reads as follows: "That any
laborer working on shares of crop, or for wages in money or
other valuable consideration, under a verbal or written con-
tract to labor on farm lands, who shall receive advances
either in money or supplies, and thereafter wilfully and
without just cause fail to perform the reasonable service re-
quired of him by the terms of the said contract, shall be
liable to prosecution for a misdemeanor, and on conviction
shall be punishable by imprisonment for not less than twenty
days nor more than thirty days, or to be fined in the sum of
not less than twenty-five dollars nor more than one hundred
dollars, in the discretion of the Court: *Provided,* The verbal
contract herein referred to shall be witnessed by at least two
disinterested witnesses."   From the language of this act it
will be seen that the offense denounced is, not merely the
violation of a contract by a laborer employed to work the
lands of another, but the offense consists in receiving ad-
vances either in money or supplies, and thereafter wilfully
and without just cause failing to perform the reasonable
service required of him by the terms of the contract.   It is
apparent, therefore, that this case differs widely from the
case of *The State* v. *Williams,* 32 S. C., 123, upon which
appellant seems mainly to rely.   There the defendant was
indicted simply for a violation of the contract into which
he had entered with the land-holder, by wilfully failing to
give to the land-holder the labor reasonably required of him
by the terms of the contract, which was made a penal offense
by sec. 2084 of the Gen. Stat. of 1882.   By that section it
was made a penal offense for either party, the land-holder
or the laborer, to violate the contract therein referred to; but

as the statute discriminated between these two parties in fixing the amount of punishment that might be imposed for the *same* offense, the Court held that such discrimination rendered the statute unconstitutional. The offense for which the appellant has been convicted would not be complete, if the laborer *before receiving advances in money or supplies,* had wilfully and without just cause failed to perform the reasonable service required of him by the terms of the contract, for the gist of the offense is in failing to do so *after* he has received advances in money or supplies, made to him upon the faith that he would perform the reasonable services required of him by the terms of the contract. It is clear, therefore, that there is no discriminating feature in the act of 1897, and we do not see how there could be one, inasmuch as laborers never make advances either in money or supplies to land-holders. If the laborer *before* receiving advances in money or supplies should violate the terms of his contract in the grossest manner, he could not be indicted under the act of 1897, but could only be prosecuted under the provisions of sec. 2084 of the Gen. Stat. of 1882, as amended by the act of 1889, 20 Stat., 381, passed for the purpose of eliminating the constitutional objection in the section as it was originally enacted; and so the land-holder, if he violated any of the terms of the contract, could only be prosecuted under the very same law, and subject to the very same punishment, as that provided for the laborer under similar circumstances. We are of opinion, therefore, that none of the grounds upon which the constitutionality of the act of 1897 has been assailed, are tenable.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.