## STATE v. EASTERLIN.

1. Jurisdiction—Appeal—Magistrate.—There being evidence as to the locality in which a crime was committed, conviction by magistrate, and affirmance thereof by Circuit Court, this Court must assume that trial Court was satisfied that designated place was within territorial jurisdiction of magistrate, and cannot review such finding.
2. Magistrate.—It is not error to affirm a magistrate judgment where there is any evidence to support it.
3. Evidence—Labor Contract.—In prosecution under 22 Stat., 457, for violation of verbal contract to labor on farm, either contracting party may testify as to the *terms* of the contract.
4. Witness—Ibid.—A brother of the prosecuting contracting party is a "disinterested" witness to such contract.
5. Labor Contract—Constitution.—Act 22 Stat., 457, is not violative of that provision of the Constitution prohibiting imprisonment for debt.

Before Watts, J., Orangeburg.    Affirmed.

Indictment in magistrate court against Easter Easterlin for violation of verbal farm labor contract. From judgment of Sessions Court affirming that of magistrate court, the defendant appeals.

*Mr. W. C. Wolfe,* for appellant, cites: *Where there are separate magisterial districts, cases must be tried where offense committed:* Con., art. V., sec. 23, 22 Stat., 473. *Orangeburg County is divided into such districts:* 22 Stat., 474, 480; Rev. Stat., p. 291. *Nothing is presumed in a limited jurisdiction:* 17 A. & E., 2d ed., 1073, 1082; 51 S. C., 342; 1 Bail L., 459; 2 Bail., 267; Chev., 6; 20 S. C., 537. *No testimony to show defendant committed the offense:* 56 S. C., 422. *This Court cannot review facts in such case:* 34 S. C., 160; *but there being no evidence to support material allegations, error of law arises:* 54 S. C., 405. *Brother to prosecutor is not a "disinterested" witness to the contract:* 9 Ency., 2d ed., 504, 505.

*Mr. James Evans,* for attorney general, contra.    Oral argument.

July 10, 1901.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The defendant was prosecuted before Magistrate Pou, in Orangeburg County, for violation of a verbal farm labor contract, under the act of 1897, and was found guilty by the jury and sentenced.    On appeal to the Circuit Court, the judgment of the magistrate was affirmed.    The exceptions to this Court are as follows:

"1. It was error to allow the prosecuting witnesses and the contractee to testify as to the terms of the alleged contract, because the statute provides a mode for proof of such contracts.

"2. It was error to allow the contract to be proven by one disinterested witness, and the brother of the contractee, because such brother is not a competent witness to prove such contract, under the act of 1897; it was also error to refuse defendant's requests, as each one embodied a correct principle of law.

"3. There was absolutely no evidence to show that the alleged contract was violated.

"4. There was absolutely no testimony to show that defendant had refused to perform reasonable service after the advances were made or at any time.

"5. There was absolutely no testimony to show that the cause was in the territorial jurisdiction of Magistrate Pou, or any particular magistrate; and the judgment cannot be sustained unless it affirmatively appears that the court of Magistrate Pou had territorial jurisdiction, each magistrate in Orangeburg County having under the statutes separate districts, in which they exercise exclusive jurisdiction."

1. In reference to the fifth exception, as to the matter of jurisdiction. By sec. 23, art. V., of the Constitution, every criminal action cognizable by a magistrate must be brought before a magistrate in the county where the offense was committed, except in counties where magistrates have separate and exclusive territorial jurisdiction; in which case such actions are to be tried in the magistrate's district where the offense was committed, subject to such provisions for change of venue as may be made by the General Assembly. It may be, and, without so deciding, we will for the purposes of this appeal assume that in Orangeburg County, magistrates have each a separate district, in which jurisdiction is exclusive, 22 Stat., 472. If so, then there should be some evidence that the offense was committed within the territorial jurisdiction of the magistrate. There was some evidence not only that the alleged offense was committed in Orangeburg County, but at a designated spot within the county. The jury in the magistrate's court having found the defendant guilty, and the judgment of the magistrate court having been affirmed by the Circuit Court, this Court is bound to assume that the trial Court was satisfied that the designated place of the offense was within the territorial jurisdiction of the magistrate, and this Court has no power to review such finding of fact.

2. The third and fourth exceptions complain that there was no evidence of the alleged offense. We have no power to review the sufficiency of the evidence, and there being

some evidence tending to sustain the charge, it was not error of law for the Circuit Court to affirm the judgment of the magistrate in this regard.

3. In a prosecution under the act of 1897, 22 Stat., 457, for violation of a farm labor contract verbally made, it is competent for either of the contracting parties to testify as to the terms of the contract. The statute does not exclude the testimony of the contracting parties. It merely provides that the verbal contract therein referred to shall be witnessed by at least two disinterested witnesses. The first exception is, therefore, overruled.

4. It appears that in addition to the testimony of the prosecuting contracting party, two other witnesses to the contract were examined, one of whom was the brother of the prosecutor. It is contended that a brother of one of the contracting parties is not a "disinterested witness," such as is required by the statute. The term "disinterested" as applied to a witness means devoid of pecuniary interest, having no prospect of gain or loss. Therefore, the mere relationship of brother to one of the contracting parties is not such interest as would disqualify from being a witness to the contract. If the statute meant to exclude as witnesses to such contract all those who might be biased through friendship, enmity or relationship, other appropriate words would have been used.

5. The magistrate refused to charge the jury that the act of 1897, *supra,* was void as in conflict with sec. 24, art. I., of the Constitution, providing that "no person shall be imprisoned for debt except in cases of fraud." This refusal of the magistrate was sustained by the Circuit Court, and the question is now sought to be presented here in the latter part of the second exception. The act is not unconstitutional on the ground presented. This act was sustained as constitutional in the case of *State* v. *Chapman,* 56 S. C., 420, against the objections there presented; and in construing the act, the Court, speaking by Mr. Chief Justice McIver, said: "From the language of this act it will be seen

that the offense denounced is not merely the violation of a contract by a laborer employed to work the lands of another, but the offense consists in receiving advances either in money, or supplies, and thereafter wilfully and without just cause failing to perform the reasonable service required of him by the terms of the contract." The statute as thus construed does not provide imprisonment for debt; but even if it could be so construed, the offense made punishable involves an element of fraud. This disposes of all points argued under the exceptions.

The judgment of the Circuit Court is affirmed.