WILSON & EDWARDS v. CITY COUNCIL OF GREENVILLE.

LICENSE.—AN ARCHITECT, who lives in one city, having an office, &c., there, where all the work of drawing plans, specifications and contract is done, but who has several contracts in another city, some of which were solicited, to which he pays occasional visits to inspect the buildings and to see if the builders carry out the plans and specifications, is liable there for a license tax, if it was his intention to make a practice of carrying on his business there.

Before GAGE, J., Greenville, April, 1902. Affirmed.

Action by Wilson & Edwards against City Council of Greenville. From order of Circuit Court, reversing judgment of magistrate, plaintiffs appeal.

*Messrs. Carey & McCullough,* for appellant, cite: *This ordinance must be strictly construed:* 1 Dill Mun. Corp., sec. 325; 2 Spear's, 728. *In order to make out case, all of the acts essential and proper to carry on the business must at some time during the year have been done here:* 21 Ency., 2 ed., 785; 52 La. Ann., 1904; 2 Spear's, 527; 36 L. R. A., 432; 48 Am. Dec., 679.

*Mr. B. A. Morgan,* contra (oral argument).

March 26, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—The facts of this case are set out in the judgment of the Circuit Court, which is as follows:

"This is an appeal from judgment of a magistrate, by the defendant. There is only one question involved, though there are seven exceptions. The defendant has an ordinance which reads as follows, to wit: 'Sec. 4. No person, firm or * * * shall be engaged in, prosecute or carry on any business or profession hereinafter mentioned without having first paid a special license tax therefor, as follows, to wit: * * * Architect, civil engineer, surveyor, for either, $15.' The plaintiffs are architects, resident in and with offices at Columbia, S. C.; they paid the tax under protest, and begun this action to recover back the same.

"The magistrate found as follows: 'I find under the facts of the case (which are undisputed) that the plaintiffs did not come within the provisions of defendant's supply ordinance, adopted December, 1899, for the purpose of raising supplies for the fiscal year 1900, and were not liable as architects thereunder for the special license tax of $15, exacted of and paid by them to defendant, November, 1900, and judgment

is, therefore, hereby rendered,' etc.    There is no contention
about the facts.    The plaintiffs themselves testified to them,
and they are as follows: plaintiffs reside in, and have their
offices and clerks in Columbia; they solicit business outside
of that city and in Greenville; they make the plans and draw
the specifications altogether in the offices; they had six con-
tracts in Greenville for the year 1900, for which they drew
plans and specifications; they solicited some of the jobs; they
paid the city of Greenville occasional visits to inspect the
buildings and to see if the builders followed the plans and
specifications; they got 2½ per cent. for the plans and speci-
fications and 2½ per cent. for inspection of some of the
buildings.    The only question is, did such action on plain-
tiff's part bring them within the language of the ordinance.
The plaintiffs' counsel earnestly contended that the proof
shows that the business of an architect contemplates the per-
formance of several acts, and all these acts must be per-
formed in Greenville before the architect is liable, under the
ordinance, to pay the license tax.    I do not know that any
test can be laid down by which it can be ascertained if certain
acts constitute the prosecution of a business.    I am, how-
ever, of the opinion, that under the testimony in this case the
plaintiffs did prosecute the business of architects in Green-
ville for the year 1900, and are liable for the license tax.

"The judgment of the magistrate is, therefore, wrong, and
the judgment of this Court is that it be reversed, and that
judgment be entered for the defendant."

*Opinion.*—This being an action at law, the findings of fact
by his Honor, the Circuit Judge, are conclusive, unless there
is no testimony whatever to support them.    The first ques-
tion, therefore, to be considered is whether there is any testi-
mony in support of the finding of fact, that "the plaintiffs
did prosecute the business of architects in Greenville for the
year 1900."    An architect is defined in Webster's Interna-
tional Dictionary as a "person skilled in the art of building;
one who understands architecture, or makes it his occupation
to form plans and designs of buildings, and to superintend

the artificers employed." This is practically the same as the definition in 2 Enc. of Law (2d ed.), 815. In the note to the page last mentioned, it is said, "His duty is to draw plans, make out specifications, and generally superintend the execution of the work." The fact that the plaintiffs were non-residents did not prevent the defendant from imposing on them a license tax. *City of Petersburg* v. *Cocke,* 36 L. R. A. (Va.), 432. Nor did the fact that they carried on the business of architects elsewhere prevent the defendant from imposing said tax. *Camden* v. *Roberts,* 55 S. C., 374, 33 S. E., 456. In *State* v. *Moorehead,* 42 S. C., 211, 20 S. E., 544, the question was whether a traveling salesman of an established agency in this State, for the sale of sewing machines, who solicited orders, sold by sample, and sometimes sold the sample itself, was a hawker or pedler within the meaning of the statute, forbidding sales by hawkers and pedlers without license. The Court said: "The fact that he occasionally delivered the sample machine to a purchaser, desirous of obtaining one immediately, cannot so change the character of his business as to bring him within the statute. Nor did the fact that he sold one attachment, and one tuck-marker, capable of being attached, render him liable; it distinctly appearing that it was not his practice to make such sales. The question is to be determined upon the general character and scope of his business; if this does not bring him within the statute, he is not liable for single sales of particular articles, such sales being exceptional, and not in the course of his ordinary employment." This case was affirmed in *Alexander* v. *Greenville,* 49 S. C., 527, 27 S. E., 469. If the plaintiffs' transactions as architects in Greenville were exceptional in nature, they were not amenable to the ordinance imposing a license on architects. But if it was their intention to make a practice of carrying on their business as architects in the city of Greenville, then the license was properly imposed upon them. After they entered into a contract as architects, it was a matter of no consequence where they prepared the

plans and specifications. The testimony shows that the plaintiffs solicit business in Greenville; that they had six contracts in Greenville for the year 1900; that they solicited some of the jobs; and that they paid the city of Greenville occasional visits to inspect the buildings, and to see if the builders followed the plans and specifications. Under these circumstances it certainly cannot be said that the finding of the Circuit Court was without any testimony whatever to support it. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.