## STATE v. LONG.

1. APPEAL—SOLICITOR.—Notice of intention to appeal from an order dismissing a prosecution before a magistrate on demurrer signed by attorneys other than solicitor as "attorneys for State;" exceptions signed by same attorneys and solicitor; and "Case" showing "The State served the following notice" of appeal, are sufficient to show authority on part of solicitor for appeal.
2. CRIMINAL LAW—MISDEMEANOR—LAND OWNER—LABORER.—CONTRACT between land owner and laborer, providing for labor on farm, time of labor, price, &c., reduced to writing and signed by parties in presence of one witness, is sufficient under Crim. Code, 355, to support a prosecution for failure to work after receiving advances.

Before TOWNSEND, J., Sumter, November, 1902. Reversed.

Prosecution in magistrate court against Wade Long for failure to perform contract to labor on farm after receiving advances. From Circuit order reversing magistrate, State appeals.

*Messrs. Solicitor John S. Wilson* and *Moise & Clifton,* for appellant (oral argument).

*Mr. L. D. Jennings,* contra, cites: *The law of labor contracts:* Crim. Code, 1902, 355, 357. *Essentials of such contracts:* 32 S. C., 123; Gen. Stat., secs. 2081, 2084; 56 S. C., 420.

June 19, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant was prosecuted before magistrate Jennings, in Sumter County, for violation of a written farm labor contract, under section 357, Criminal Code, was found guilty by a jury and sentenced by the magistrate. On appeal therefrom, the Circuit Court reversed the judgment of the magistrate's court, and ordered the case dismissed upon the ground that the contract would not sustain a criminal indictment. From this judgment, the State appeals, assigning error to the ruling that the written contract was insufficient to support a criminal indictment under the statute.

Before considering this question, however, we will briefly notice a motion by defendant, respondent, to dismiss the appeal, which motion was heard along with the cause. The ground of the motion to dismiss is that no notice of intention to appeal, *signed by the solicitor,* was served on respondent or his attorney within ten days after the rising of the Circuit Court. It appears in the "Case" that a notice of intention to appeal, signed by "Moise & Clifton, attorneys for the State," was served in time; but it is contended that the notice is without authority, because it was not signed by the solicitor of the third circuit. This contention is without merit. The "Case," at folio 6, contains this statement: "The *State* duly served the following notice:" Then follows the notice, signed by Moise & Clifton, as attorneys for the State. It further appears, at folio 26 of the "Case," that the exceptions to the judgment of the Cir-

cuit Court are signed by John S. Wilson (who is the solicitor of said circuit) and by Moise & Clifton, as attorneys for the State. There being nothing in the record to the contrary, it is manifest that the notice of appeal was served by one representing the State by authority from the solicitor in charge of the prosecution.

Recurring to the State's ground of appeal, we think the Circuit Court erred in dismissing the prosecution on the ground stated. The statute, sec. 357, Criminal Code, is as follows: "Any laborer working on shares of crop, or for wages in money or other valuable consideration, under a verbal or written contract to labor on farm lands, who shall receive advances either in money or supplies, and thereafter wilfully and without just cause fail to perform the reasonable service required of him by the terms of the said contract, shall be liable for a misdemeanor, and on conviction shall be punished by imprisonment for not less than twenty days nor more than thirty days, to be fined in the sum of not less than twenty-five dollars nor more than one hundred dollars in the discretion of the Court: *Provided,* The verbal contract herein referred to shall be witnessed by at least two disinterested witnesses." This statute makes it an indictable offense for any laborer, under verbal or written contract, to labor on farm lands, and after receiving advances in money or supplies, to wilfully and without just cause fail to perform the reasonable service required of him by the terms of the said contract. *State* v. *Chapman,* 56 S. C., 420, 34 S. E., 961; *State* v. *Easterlin,* 61 S. C., 72, 39 S. E., 250. The contract established in this case was in these terms:

"This memorandum of agreement entered into this first day of May, 1901, between R. C. Folk, farmer, of the 1st part, and Wàde Long, a laborer of the 2d part, witnesseth:

"I. That the party of the 1st part agrees to pay to the party of the 2d part, in money or goods, between the 1st day of May, 1901, and the first day of Aug., 1901, the sum of twenty-five no 100 dollars at such time and times as the said

party of the 2d part shall require the same or any part thereof.

"II. That in consideration of such payment, the party of the 2d part agrees to labor as an agricultural laborer for the party of the 1st part, at any time from the 1st day Jan., 1902, to the 1st day Dec., 1902.

"Provided always, nevertheless, and it is the true intent and meaning of the parties to these presents.

"1. That for the performance of the labor aforesaid, the party of the 2d part shall be entitled to a credit on account of 35 cents for each day's labor, except when he is required to pick cotton, and then shall be entitled to a credit of 40 cents for each hundred pounds of seed cotton picked.

"2. That the party of the 2d part shall not within the period aforesaid remove farther than two miles from the residence of the party of the 1st part.

"3. That the party of the 1st part shall give the party of the 2d part twelve hours notice of the time, place, and nature of such agricultural labor as—may require of the party of the 2d part.

"In witness whereof, the parties hereto have hereunto interchangeably set their hands and seals the day and date first above written.    R. C. Folk. [L. s.] Wade (his X mark) Long [L. s.]    In the presence of H. D. Moise."

This contract, we think, complies with the requirements of sec. 355, Criminal Code, which provides: "All contracts made between owners of land, their agents, administrators or executors, and laborers, shall be witnessed by one or more disinterested persons, and excepting the verbal contracts provided for in section 357, at the request of either party, be duly executed before a magistrate, whose duty it shall be to read and explain the same to the parties. Such contracts shall clearly set forth the conditions upon which the laborers engage to work, embracing the length of time, the amount of money to be paid and when; if it be on the shares of the crop, what portion or portions thereof, etc." So far as it appears in the "Case," it was not disputed in the Circuit Court that

26—66

defendant made the contract stated, received advances in money or supplies thereunder to the stipulated amount, and thereafter wilfully and without just cause refused to perform the labor required of him by the contract. It was, therefore, error in the Circuit Court to reverse the judgment of the magistrate court and dismiss the prosecution.

The judgment of the Circuit Court is reversed, and the judgment of the magistrate is affirmed.