### STATE v. IVEY.

1. HAWKER AND PEDDLER.—One who solicits orders for medicines, taking notes for purchase price, to be shipped into this State from another State, and here to be delivered by another, is not a hawker and peddler.

2. STATE—APPEAL.—Finding by Circuit Judge on appeal from magistrate that one is not guilty of hawking and peddling, is an acquittal on such charge, and from such judgment State cannot appeal.

Before WATTS, J., Sumter, October, 1905. Affirmed.

Indictment against W. E. Ivey for hawking and peddling. From judgment of Court of General Sessions reversing judgment of magistrate, State appeals.

*Solicitor John S. Wilson* and *L. D. Jennings,* for appellant. *Mr. Jennings* cites: *What is a hawker and peddler?* 42 S. C., 211; 52 S. C., 508.

*Mr. John H. Clifton,* contra, cites: *Defendant is not a hawker and peddler:* 1 McM., 25; 52 S. C., 211, 508; 55 S. C., 560. *Defendant was engaged in interstate transaction:* 153 U. S., 300; 100 U. S., 676; 91 U. S., 275. *Findings by Circuit Court are not reviewable here:* 70 S. C., 544; 43 S. C., 3; 59 S. C., 283, 488; 45 S. C., 33.

February 21, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. A prosecution in the magistrate's court of H. Harby, Esq., of Sumter County, S. C., was instituted about the 14th of October, 1905, against W. E. Ivey, as defendant, on the charge of the purchase and delivery of a package of medicine, in violation of sec. 1, of an act entitled "An act to prevent traveling vendors from plying their vocation," approved 26th of February, A. D. 1902, pages 1101-1102. After the introduction of testimony on both sides, the magistrate found the defendant guilty and sentenced him to pay a fine of $30 or to be imprisoned in the county jail for thirty days. From this judgment the defendant appealed. His appeal came on to be heard before his Honor, Judge R. C. Watts, at the regular term of the Court of General Sessions of Sumter County, on the 26th day of October, 1905.

After the hearing, the following order was passed: "The above stated case was heard by me on an appeal from the court of magistrate, after a full hearing and argument by L. D. Jennings for the State and John H. Clifton for the defendant, I am satisfied that the defendant was not engaged in hawking or peddling medicine, drugs or compounds, contrary to the statute, known as the hawker and peddler act, and upon the contrary it appears that the defendant was

merely soliciting orders for the future delivery of a package of medicines, which at the time of the solicitation of the order therefor was not within the State of South Carolina, and consequently not the subject of legislative control upon the part of the said State. The defendant was in no sense a hawker or peddler, the testimony showing that he neither carried around from place to place for the purpose of selling or offering for sale the prohibited commodities, nor did he sell or offer to sell the same, and the testimony further shows that the defendant was engaged in an interstate transaction, and is, therefore, protected by the law and regulations of interstate commerce, and consequently cannot be made to pay license for such interstate business.

"Therefore, it is ordered, on motion of John H. Clifton, defendant's attorney: 'That so far as the exceptions of the defendant to the rulings and judgment of the magistrate raise or point out errors made by the magistrate contrary to and inconsistent with this order and the findings herein made, the same be and hereby are sustained.

"It is further ordered: That the judgment of the magistrate made and pronounced against the said defendant be and the same is hereby overruled, the prosecution heretofore commenced against the defendant be dismissed, and that the cash bond heretofore deposited by defendant in lieu of recognizance, pending hearing of this appeal, be refunded to him or his attorney."

From this judgment the State has appealed upon the following grounds:

"1. Because his Honor erred in holding that at the time the defendant solicited orders for the sale of medicine that the same was not within the limits of the State and subject to legislative control; whereas, his Honor should have held that the soliciting of orders and offering for sale medicines without license within the State of South Carolina, constituted an offense, and that it made no difference whether the medicine offered to be sold or for which the defendant was

soliciting orders was within the limits of the State of South Carolina or not.

"2. Because his Honor erred in holding that the defendant as a matter of law, was engaged in interstate commerce, and was, therefore, protected by the laws regulating interstate commerce, and was not liable under the hawkers and peddlers' act; whereas, his Honor should have held that the defendant was not engaged in interstate commerce business, but that he went from place to place within the county of Sumter, and State of South Carolina, exhibiting a sample case of medicine and selling medicine for future delivery, which the testimony showed was actually shipped into the State in large bulk and then taken by representatives of the defendant and distributed from place to place to the persons to whom he had made sale when going around with the samples, which his Honor should have held constituted the crime of hawking and peddling, as laid down by this Court in the case of the *State* against *Moorehead,* 42 S. C., page 211, in which case the Court referred to Amer. and Eng. Enc. of Law, pages 307-308, in which the definition of hawkers and peddlers is given as follows: 'A person is a hawker and peddler where he transfers the merchandise from place to place by means of public conveyance or otherwise, as well as where he himself carries it, and one who goes from house to house soliciting orders for the purchase of goods to be delivered in the future is likewise a hawker and peddler, as well as one who goes about the country bartering merchandise for such articles as he can get in exchange.' Therefore, his Honor erred, as is respectfully submitted, in holding that the defendant in going from place to place taking orders for the future delivery of medicines was not a hawker and peddler under the statute.

"3. Because his Honor erred in holding that the defendant in going from place to place within the State soliciting orders, selling medicine and taking notes and security for the same to be delivered in the future, was not a hawker and peddler, because the medicine was not within the State at the

time of sale; whereas, we rspectfully submit that his Honor should have held that the defendant in going from place to place, selling medicine and taking orders for the same, taking notes and securities for the payment, was a hawker and peddler without a license, and guilty of a violation of the act of 1902, at page 1101, which provides as follows: 'That after the approval of this act, it shall be unlawful for any person to travel as hawkers and peddlers from place to place in this State and to sell or to offer for sale any medicine, drug or compound to be used as a curative without first paying to the clerk of the court of each county in which such person seeks to sell such medicine, drug or compound, a fee of $100 for the use of such county, and procuring from him a license permitting such person to sell such medicine, drug or compound within such county, etc.'

"4. His Honor erred in not holding that the traveling from place to place offering medicine for sale was a violation of said section, whether said medicine was ever delivered or not, and in not sustaining the judgment and conviction of the defendant by the magistrate.

"5. Because his Honor erred in holding that the testimony did not show that the defendant was a hawker and peddler, about which testimony there is no dispute, and which testimony shows that the defendant went from house to house with the sample case of medicine and took notes like the one printed in the case, and promised to deliver the medicine in the future, which, according to the testimony, was shipped from without the State to the defendant's superior agent in bulk and by another agent taken to the different parties in packages, and delivered, which testimony his Honor should have held constituted the defendant a hawker and peddler, and was not interstate commerce business, because his Honor should have held that orders were not taken and sent direct to the house outside of the State, and then filled by the house and shipped direct to the purchaser, but said orders were never sent to the house, but that the defendant and his superior ordered the medicine in bulk shipped to

themselves and then unpacked and distributed in small quantities, all of which the evidence shows, and which his Honor should have held constituted the defendant a hawking peddler."

We will now examine the exceptions.

The language used in the statute, whose provisions it is claimed were wilfully violated by the defendant, and which offense is set forth in the third ground of appeal, is directed against the hawking and peddling of medicines, drugs or compounds to be used as a curative, and shows that it is as a hawker and peddler of.the same that is intended to be covered by this legislative provision. Therefore, it is necessary to ascertain what is the meaning in law attached to the terms hawker and peddler.

In the case of the *State* against *Belcher,* 1st McMullan's Reports, page 42, this Court, through Judge O'Neall, as its organ, said it was necessary to go back to the old act of 1737, P. L., page 152, to ascertain these terms and definitions, that "Persons who travel from town to town, from one plantation to another, by land or by water, carrying to sell or exposing to sale any rum, sugar or other goods, wares or merchandises, are included in the general terms hawkers and peddlers."

In the case of the *State* against *Moorehead,* 42 S. C.. page 213, 20 S. E., 544, the aforesaid definition of these words, hawker and peddler, was retained. Also, in the case of *Alexander Bros.* against *Greenville County,* 49 S. C., page 529, 27 S. E., 469, this definition is retained. In the *State* against *Coop,* 52 S. C., page 511, 30 S. E., 609, the said definition of these terms was retained. Also, in the 15th A. and E. Ency., at page 291, this definition is retained in this language: "Hawkers and peddlers are persons who practice carrying merchandise about from place to place for sale, as opposed to traders who sell at established shops." On the same page, this work points out the essential difference between a peddler and a commercial traveler or drummer, as well as the distinction between hawkers and peddlers on the

one side and on the other side itinerent vendors or transient merchants.

It seems to us, therefore, that in refusing in this instance to recognize the defendant as a hawker and peddler, the Circuit Judge committed no error.

So that the second, third, fourth and fifth grounds of appeal must be overruled.

The first ground of appeal does not present a case where the Circuit Judge committed any error, as will appear by the foregoing views. But besides these matters, there is an insuperable objection in sustaining the appeal. The State has no right to appeal.

It is the judgment of this Court, that the judgment of the Circuit Court be and the same is affirmed.

MR. JUSTICE GARY. I concur in the result, on the ground that the dismissal of the proceedings was, in effect, an acquittal of the defendant, from which the State has not the right of appeal.

MR. JUSTICE JONES. I concur in dismissing the appeal in this case. The Circuit Court on appeal from the magistrate court held "that the defendant was in no sense a hawker or peddler, the testimony showing that he neither carried around from place to place for the purpose of selling or offering for sale the prohibited commodities, nor did he sell or offer to sell the same." This finding of fact is sufficient to support the judgment of the Circuit Court, which was in legal effect a verdict of acquittal, and this Court will not review the findings of fact in a case at law, even if it should be conceded that the State has the right to appeal from a judgment of acquittal in a criminal case. But I concur in the view of Mr. Justice Gary that the State cannot appeal in this case. *State* v. *Gathers,* 15 S. C., 370, shows that an appeal cannot be taken by the State from a judgment of acquittal in the Court of General Sessions. It is true, however, that the State may appeal from an order quashing an

indictment. *State* v. *Young,* 30 S. C., 399, 9 S. E., 355; *State* v. *Bouknight,* 55 S. C., 357, 33 S. E., 451; or from a judgment which substantially amounts to a quashing of an indictment. *State* v. *Long,* 66 S. C., 399, 44 S. E., 960.

MR. JUSTICE WOODS. I concur in this opinion and in separate opinion of Associate Justice Jones.