## 17498

CITY OF DARLINGTON, Respondent, v. Gaston THOMPSON *et al.,*
Appellants

(106 S. E. (2d) 918)

*Messrs. Yarborough & Parrott,* of Florence, and *Hayden C. Covington,* of Brooklyn, New York, *for Appellants,* ▪

*Jerome F. Pate, Esq.,* of Darlington, *for Respondents,*

*Messrs. Yarborough & Parrott,* of Florence, and *Hayden C. Covington,* of Brooklyn, New York, *for Appellants, in Reply,*

February 9, 1959.

TAYLOR, Justice.

Appellants were convicted of violating an Ordinance of the City of Darlington, South Carolina, which provides:

"* * * That every person, firm, company, or corporation engaged in any business, trade or profession (except teachers and ministers of the Gospel) hereinafter mentioned within the corporate limits of the City of Darlington, shall obtain during the month of January, 1957, a license therefor before entering upon such calling, business, profession or occupation as hereinafter provided."

Section A, Subsection 5 thereof, provides:

"Agents, Books, on sales or gross receipts not exceeding $1,000.00 per annum ............ ...... 10.00

"For each additional $1,000.00, or majority fraction thereof .......... ... ........... ... ... 1.00"

Appellants are ministers of a religious sect known as Jehovah's Witnesses, an unincorporated group of missionary evangelists whose work is carried on by door to door visits, talking with the occupants, and distributing leaflets, tracts, and magazines which contain printed matter proclaiming and explaining their belief, the purpose being to acquaint such householders with the beliefs of Jehovah's Witnesses with the end to establishing a congregation. After discussing various religious topics with several residents, Appellants sought to obtain subscriptions to "The Watchtower" magazine on a contribution basis as part of their method of operation. When the prospect showed interest, other literature would also be proffered on the same basis. If, however, such interest was not evidenced, then the literature was offered free. If the householder was interested but unwilling or unable to contribute, the subscription would be given free. It is undisputed that the cost of the literature was the equivalent of the amount sought as a contribution. It is evident, therefore, that the "sale" of such literature by defendants was merely collateral to the main purpose in which they were engaged, which was to preach and teach the tenets of their religion; that the offer to sell and distribute this literature was part of the preaching and teaching of their faith with no profit motive involved and was merely incidental to the chief purpose, which was to acquaint others with the teaching of their

faith. Preaching, teaching, distributing and taking subscriptions for such magazines and literature as we are here concerned with by members of a religious sect is not such business, trade, or profession within the contemplation of the Ordinance as to require compliance with Subsection 5 of Section A thereof. *Alexander v. Greenville County,* 49 S. C. 527 27 S. E. 469; *State v. Moorehead,* 42 S. C. 211, 20 S. E. 544, 26 L. R. A. 585, 46 Am. St. Rep. 719; *State v. Belcher,* 1 McMul. 40, 26 S. C. 5. 40; *State v. Meredith,* 197 S. C. 351, 15 S. E. (2d) 678; *Thomas v. City of Atlanta,* 59 Ga. App. 520, 1 S. E. (2d) 598.

We are not to be understood as holding that a business of selling or peddling books may not be subject to a license, but we do hold that under the circumstances heretofore related Appellants' motion for a directed verdict should have been granted and they should have been adjudged "Not Guilty."

Appellants also contend that the Ordinance denies them their constitutional rights in that it abridges such rights as guaranteed under the 1st and 14th Amendments to the United States Constitution and Sections 7, 9 and 10 of Art. 1 of the Constitution of South Carolina. However, in view of the foregoing, it becomes unnecessary to pass upon the Constitutional questions.

For the foregoing reasons, we are of opinion that the Judgment appealed from should be reversed and set aside and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.