## STATE v. BOUKNIGHT.

1. INDICTMENT—ELECTION.—Where an indictment charges entry into a house with intent to steal in one count in the night time, and in another in the day time, the solicitor may be required to elect upon which count he will go to trial.

2. DISCRETION—IBID.—Requiring the solicitor to elect upon which count in an indictment he will go to trial, is within the discretion of the Circuit Judge.

3. INDICTMENT—QUASHING.—AN APPEAL lies from an order quashing an indictment.

4. EXCEPTIONS—PROVISOS—STATUTORY CRIMES.—In alleging an offense created by statute, it is necessary to negative, or to allege such facts as necessarily imply such negation·of, *only* such exceptions and provisos in the statute as are descriptive of the offense.

Before GARY, J., Saluda, December term, 1898. Modified.

23—55

Indictment against Prince Bouknight for housebreaking and larceny. From order quashing first count in the indictment, and ordering solicitor to elect under which count he would go to trial, the State appeals.

*Mr. Assistant Attorney General U. X. Gunter,* for Solicitor Thurmond, cites: *As to requiring solicitor to elect:* 15 S. C., 434; Crim. Code, 142. *Section 142, Crim. Code, contains no exception and requires no negative averment:* 37 Am. Dec., 81; 18 Tex. App., 311; 63 Wis., 260; 12 Met., 240; 7 Gratt., 619; 29 Tex., 44.

*Messrs. Tompkins & Wells,* for Mr. S. McG. Simpkins, contra (oral argument).

June 22, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The indictment in this case contained three counts—the first charging the defendant with feloniously breaking and entering, on the 13th of March, 1898, in the *night time,* the weather house of one Eli Kinard, with intent the goods and chattels of Eli Kinard and Jake Kinard, in the said weather house then and there being found, to unlawfully steal, take and carry away; second, charging the defendant with the simple larceny of certain goods and chattels of Eli Kinard and Jake Kinard; and the third count was in all respects similar to the first count, except that the defendant was charged with breaking and entering the said weather house in the *day time.* All of these counts concluded *contra formam statuti et contra pacem.* Before the jury was sworn, defendant moved that the solicitor be required to elect upon which of the two counts for house breaking (the first and the third) he would go to trial. This motion was granted by his Honor, Judge Ernest Gary, notwithstanding the statement made by the solicitor that both counts were based upon the same transaction, and were put in to meet the proof. The solicitor then elected to go to trial on the first count. Thereupon the Cir-

cuit Judge asked counsel for defendant if there was a motion
to quash the first count, upon the ground that there was no
allegation therein that "the breaking and entering of which
house would not constitute burglary," to which defendant's
counsel replied that no such motion had been made, but he
would then make the motion to quash the first count in the
indictment.    The motion to quash was granted, whereupon
the solicitor gave notice of appeal, and further proceedings
in the case were suspended pending such appeal.    The solici-
tor bases his appeal upon two exceptions: 1st. That there
was error on the part of the Circuit Judge in requiring him
to elect upon which of the two counts—the first and third—
he would go to trial. ˙ 2d. Because of error in quashing the
first count in the indictment.

The indictment is confessedly framed under the Criminal
Statutes, sec. 142 (2 Rev. Stat., 314), which reads as fol-
lows : "Every person who shall break and enter, or who shall
break with intent to enter, in the day time, any dwelling
house or other house, or who shall break and enter, or shall
break with intent to enter, in the night time, any
house, the breaking and entering of which would not
constitute burglary, with intent to commit a felony,
or other crime of a lesser grade, shall be held guilty of a
felony, and punishable, at the discretion of the Court, by
imprisonment in the county jail or penitentiary for a term
not exceeding one year." This section, which is but a re-
production *in totidem verbis* of the act of 1887, 19 Stat.,
792, creates two distinct and different offenses, though both
belong to the class of felonies, and are punishable in the same
way.    1st. It is made a felony to break and enter, or to
break with intent to enter, *in the day time, any* house,
whether it be a dwelling house or a house of any other char-
acter, ·with intent to commit a felony, or other crime of a
lesser grade.    2d. It is likewise made a felony to break and·
enter, or to break with intent to enter, *in the night time, any*
house, except a dwelling house or house within the curtilage
of the dwelling house, or any house within 200 yards of the

dwelling house and appurtenant thereto. It is obvious that the second of these felonies is charged in the first count of the indictment, and that in the third count the first of these felonies is charged; for in the first count the charge is that the defendant broke and entered the house therein specified, *in the night time,* while the charge in the third count is that the defendant broke and entered the house therein specified *in the day time.* This being so, it is clear that there was no error on the part of the Circuit Judge in requiring the solicitor to elect upon which of these two counts he would go to trial; for although the two offenses charged belonged to the same class, and subjected the offender to the same punishment, yet the allegation is that these two offenses were committed at different times—one in the day time and the other in the night time. Besides, the power of the Circuit Judge to require the solicitor to elect, is a power to be exercised at his discretion. 10 Ency. Pl. & Prac., 546-8, also p. 551. *State* v. *Nelson,* 14 Rich., at p. 152; *State* v. *Scott,* 15 S. C., 435. Now as it is very certain that there was no abuse of discretion in this case, and, on the contrary, that his discretion was properly exercised, the first ground upon which the solicitor imputes error to the Circuit Judge cannot be sustained.

The next question is whether there was error in granting the motion to quash the first count in the indictment. While this Court has held in the case of *The State* v. *Burbage,* 51 S. C., 284, that an order *refusing* a motion to quash is not appealable until after final judgment, especially where the points raised by the motion to quash may, after final judgment, be raised by a motion in arrest of judgment; yet the reasons there stated for such ruling do not apply to a case where the motion to quash the indictment has been *granted;* and as an order quashing an indictment puts an end to further proceedings under such indictment, and may, in some cases, as for example, in cases where the statute of limitations may be applied, put a final end to the prosecution, the ruling in the case last cited cannot be ap-

plied to an appeal from an order *granting* a motion to quash
an indictment, for the reason that no other opportunity may
be afforded of reviewing the action of the Circuit Judge in
granting the motion.    It follows, therefore, that the order
appealed from is appealable.    See *State* v. *Young,* 30 S. C.,
399.

The inquiry, therefore, is whether there was error in
quashing the first count in the indictment.    The motion was
granted upon the ground that this count did not contain the
following words, found in the statute: "the breaking and
entering of which would not constitute burglary," following
immediately after the words: "any house," in that
clause of the statute creating the second felony above
spoken of.    So that the question is whether those
words are necessary to an indictment for such felony.    Those
words do not describe any necessary ingredient in the offense
charged, but are intended simply to express an exception to
the general terms, "any house," immediately preceding; and
the language evidently means that the breaking or entering,
in the night time, of any house, except a house the breaking
and entering of which, in the night time, would constitute
the offense of burglary, provided for in sections 141 and 143
of the Crim. Stat., should be a felony.    The essential ele-
ments of the second felony created by sec. 142, are: 1st.  The
breaking and entering, or the breaking with intent to enter,
in the night time, of any house, except one the breaking and
entering of which, in the night time, would constitute the
offense of burglary, provided for by sections 141 and 143.
2d.  The intent to commit a felony or other crime of lesser
grade.    So that the practical inquiry in this case is whether
the failure to allege that the house charged to have been
broken and entered did not fall within the exception men-
tioned in the statute, is fatal; or, to state it more concisely,
whether it was necessary to negative the exceptions men-
tioned in the statute.    In 10 Ency. of Pl. & Prac., 495, we
find the following as to exceptions and provisos in statutes
creating criminal offenses: "The rule usually announced is

that exceptions and provisos in the enacting clause of the
statute must be negatived, and such as are not in the enacting
clause need not be negatived, the latter being merely matters
of defense.    But while it is undoubtedly true that exceptions
which are not in the enacting clause of a statute, as descrip-
tive of the offense, need not be negatived, and those which
are in the enacting clause, as descriptive of the offense, must
be negatived, the more accurate rule, deducible from the
authorities, is that only such exceptions and provisos need be
negatived as are descriptive of the offense, without reference
to the position of the exception or proviso." This statement
of the rule is not only supported by a number of cases cited
in the notes, but, as it seems to us, is better supported by rea-
son and common sense; and is in accordance with the spirit
of the act of 1887, 19 Stat., 829, passed for the purpose of
doing away with purely technical objections to indictments.
If, therefore, the language of the exception, found in any
part of the statute, must be regarded as descriptive of the
offense created by such statute, then such exception must be
negatived; but if it cannot properly be so regarded, then it
becomes a matter of defense, and need not be negatived.
Now, as we have seen, the language of the exception consti-
tutes no part of the description of the offense intended to be
created, and hence need not be negatived.    But if we are in
error in this view, it does not follow that the omission of the
words, "the breaking and entering of which would not con-
stitute burglary," from the first count of the indictment, was
necessarily fatal to that count.    For even if the exception
mentioned in the statute is not, *in express terms,* negatived,
yet if the allegations found in the indictment necessarily
imply such a negation, that will be sufficient.    For, as is said
in 10 Am. & Eng. Enc. of Law, at page 581, upon the au-
thority of *State* v. *Price,* 12 Gill & J. (Md.), 260, also
reported in 37 Am. Dec., 81, "the rule that the indictment
must negative exceptions in statutes, does not apply in a case
where the charge *is* ( ?) (evidently a misprint for *"as"*) pre-
ferred *ex natura rei,* conclusively imports a negative of the

exceptions"—which case is cited with approval in 10 Ency. of Pl. & Prac., at page 496.     See, also, to same effect, *State* v. *Reynolds,* 2 N. & McC., 365, which was an indictment under the act of 1816, prohibiting any person or persons from playing at any game with cards, &c., except whist and other specified games, when there is no betting on said games, where Nott, J., in delivering the opinion of the Court, uses this language: "The indictment ought, therefore, to have stated that the persons so playing were betting on the game, or it should have negatived the exceptions, or *in some other manner set out the facts,* so that it might appear that the defendant had committed some one of the offenses prohibited by the act" (italics ours).     Now in this case the allegation in the first count of the indictment is that the defendant feloniously broke and entered "the weather house" of one Eli Kinard, which conclusively shows that the house which the defendant is charged with having broken and entered was *not* a house "the breaking and entering of which would not constitute burglary."     The test of this is that if defendant had been charged with burglary under an indictment containing language precisely like that found in the first count of the indictment now before us, he could not possibly have been legally convicted.     Why? because the house was not such a house as that burglary could have been committed therein.     It seems to us, therefore, that the exception in the statute was as completely negatived as if the most express terms of negation had been used.

The judgment of this Court is, that the order requiring the solicitor to elect upon which count he would go to trial be affirmed, but that the order quashing the first count in the indictment be reversed, and the case remanded for trial.