7466

STATE v. BENTON.

JURY.—Omission of a seal from the writ of venire of the petit jury is a mere irregularity provided for in Code, 1902, 2947, and is not sufficient to set a verdict aside unless the party was injured by the irregularity or the objection was made before the verdict returned.

Before SHIPP, J., Colleton, July, 1909. Reversed.

Indictment against Henry Benton. From order setting aside verdict, State appeals.

*Solicitor J. H. Peurifoy,* for appellant.

*Mr. J. S. Griffin,* contra.

March 3, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Defendant Benton was convicted in his absence at March term, 1909, for violation of the dispensary law, and a sealed sentence was left by Judge DeVore, who presided at the trial. Defendant appeared at the following term and the sentence was opened by Judge Shipp, whereupon defendant made a motion in arrest of judgment upon the ground that the writ of *venire* that brought the petit jury into Court that convicted defendant was not sealed. Judge Shipp, upon this ground, arrested judgment and granted a new trial by order dated July 10, 1909.

The State appeals.

In the case of *State* v. *Lazarus,* 83 S. C., 215, 63 S. E., Rep., 270, filed shortly after the order of Judge Shipp, this Court held that the absence of a seal to the writ of *venire* is an irregularity within the meaning of sec. 2947, Civil Code, 1902, which provides:

"No irregularity in a writ of *venire facias* or in the drawing, summoning returning or empannelling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection, was injured by the irregularity or unless the objection was made before the returning of the verdict."

The order appealed is, therefore, reversed and the case is remanded to enforce the judgment rendered by Judge DeVore.