## 10973

### STATE v. LYNN *ET AL.*

#### (113 S. E. 74)

CRIMINAL LAW—STATE HAS NO RIGHT OF APPEAL FROM ORDER OF
MAGISTRATE GRANTING NEW TRIAL.—Under Cr. Code 1912, § 93, providing only for appeal from conviction before a magistrate to be prosecuted as afterward prescribed, and Code Civ. Proc. 1912, § 97, Subd. 17, permitting Magistrate's Court to grant new trial, the State has no right of appeal from an order of the magistrate granting a new trial in a criminal prosecution where the jurisdiction of the magistrate as to ordering the new trial was not in question, and where the order was predicated upon the magistrate's judgment as to the weight and sufficiency of the evidence.

Before ANSEL, J., County Court, Greenville, February, 1922. Affirmed.

Hugh Lynn *et al.* indicted for disturbing religious worship. From order granting a new trial the State appealed to the County Court, and petitioned for a writ of *certiorari.* From an order refusing said writ, the plaintiff appeals.

*Messrs. W. C. Bowen, County Solicitor,* and *H. P. Burbage,* for appellant, cite: *State may appeal*: 73 S. C., 399; 30 S. C., 399; 55 S. C., 357; 66 S. C., 399; Rule in 14 Rich., 11 is obsolete. *Magistrate's Courts now have same rules and regulations as Courts of higher jurisdiction;* and 2 Strob., 278, and 4 Strob., 47, *not now applicable.*

*Messrs. Bonham & Price* and *Marvin R. Reese,* for respondents.

July 25, 1922.

The opinion of the Court·was delivered by MR. JUSTICE MARION.

This is an appeal by the State from an order of Hon. M. F. Ansel, County Judge of Greenville County, refusing to issue a writ of *certiorari* to H. S. Lofton, Magistrate, for

the purpose of requiring him to certify to the County Court the record in the case of State v. Hugh Lynn *et al.*

The defendants were charged with disturbing religious worship and were tried and convicted in the Court of Magistrate Lofton. A motion by defendants for new trial was granted. No question is raised as to the jurisdiction or authority of the Magistrate with respect to granting the motion for new trial. From the order granting new trial the State gave notice of intention to appeal to the County Court. The Magistrate having refused to file with the Clerk of the County Court the testimony and arrest warrant, the State's attorney filed a petition for a writ of *certiorari.* Thereupon a rule was issued by the County Judge requiring the Magistrate to show cause why the writ of *certiorari* should not issue. To this rule the Magistrate made return, certifying that a new trial in said case had been granted upon the grounds (1) that the jury had been illegally drawn; (2) that improper evidence had been admitted at the trial; and (3) that the verdict was contrary to the evidence and averring that, inasmuch as he had merely ordered a new trial upon questions of fact, the State had no right of appeal. The County Judge refused to issue the writ prayed for upon the ground that the appeal by the State from the Magistrate's order did not lie.

The sole question raised by the appeal is whether in a criminal prosecution the State has the right to appeal from an order of a Magistrate granting a new trial in a case where the order is based in part upon the evidentiary facts. The only statutory provision for an appeal from Magistrates' Courts in criminal cases is contained in Section 93 of the Criminal Code of 1912, and is as follows:

"Every person convicted before a Magistrate of any offense whatever, and sentenced, may appeal from the sentence to the next term of the Court of General Sessions for the County. All appeals from Magistrates' Courts in crim-

inal causes shall be taken and prosecuted as hereinafter prescribed."

Section 97, Subd. 17, of the Code of Civil Procedure of 1912, is as follows:

"Any Magistrate Court of this State shall have power to grant a new trial in any case tried in the said Courts for reasons for which new trials have usually been granted in the Courts of law of this State."

That the State has no right of appeal from judgment upon verdict of acquittal in a criminal case seems to have been recognized and accepted as the law of this jurisdiction from the beginning of our judicial history. *State v. Wright,* 2 Tread. Const., 517; *State v. Bowen,* 4 McCord, 254; *State v. Edwards,* 2 Nott & McC., 15; 10 Am. Dec., 557; *State v. Gathers,* 15 S. C., 370; *State v. Ivey,* 73 S. C., 282; 53 S. E., 428. For an interesting discussion and review of the authorities upon this question, see opinion of Mr. Justice Gray in *United States v. Sanges,* 144 U. S., 310; 12 Sup. Ct., 609; 36 L. Ed., 445. In the absence of express statutory authority, the right of the State to appeal under any circumstances in a criminal prosecution, would seem to be "purely the offspring of judicial construction." *State v. Savery,* 126 N. C., 1083; 36 S. E., 22; 49 L. R. A., 585. In this jurisdiction the State's right of appeal has been recognized and accorded in certain cases. Thus in his concurring opinion in *State v. Ivey, supra,* Mr. Justice Jones says:

"It is true, however, that the State may appeal from an order quashing an indictment (*State v. Young,* 30 S. C., 399; 9 S. E., 355; *State v. Bouknight,* 55 S. C., 357; 33 S. E., 451); or from a judgment which substantially amounts to a quashing of an indictment (*State v. Long,* 66 S. C., 399; 44 S. E., 960)."

In the case of the *State v. Benton,* 85 S. C., 107; 67 S. E., 143, upon appeal by the State, this Court reversed an

order of the Circuit Judge granting a new trial to a defendant upon the ground that the "writ of venire that brought the petit jury into Court that convicted defendant was not sealed." No question was raised in that case as to the State's right of appeal, and the only point for review was the correctness of the Circuit Judge's holding upon a technical matter of law.

Without attempting here to lay down a definite rule as to the extent of the State's right of appeal in criminal cases, in view of the express terms of the statute (Section 93, Criminal Code), and in the light of prior adjudications of this Court, we are clearly of the opinion that the State has no right of appeal from an order of a Magistrate granting a new trial in a criminal prosecution, where, as in the case at bar, the jurisdiction of the Magistrate as to ordering the new trial is not in question, and where the order was predicated, at least in part, upon the Magistrate's judgment as to the weight and sufficiency of the evidence adduced at the trial. See *State v. Nicholas,* 2 Strob., 278; *State v. Lewis,* 4 Strob., 47.

For the reasons stated, the order of the County Judge is affirmed.