## 11356

### STATE v. DesCHAMPS

(120 S. E., 491)

1. CRIMINAL LAW—ORDER GRANTING NEW TRIAL PREDICATED ON ERROR OF LAW APPEALABLE.—Where an order granting a new trial is predicated wholly upon an error of law, an appeal by the State will lie.

2. MALICIOUS MISCHIFF—RULE OF PROXIMATE CAUSE DETERMINES AMOUNT OF DAMAGES.—Under 2 Code, 1922, § 74, limiting the punishment for malicious injury to realty where the damage does not exceed $20, the amount of damages is that which results from the wrongful act or trespass as a natural and probable consequence.

3. MALICIOUS MISCHIEF—CROP OF NUT GRASS HELD PROXIMATE RESULT OF THROWING LIVE NUTS ON ANOTHER'S LAND.—Where defendant threw the live nuts of nut grass on another's land, damages to the land from a crop of nut grass *held* the proximate result; hence, under 2 Code, 1922, § 74, limiting the punishment for malicious injury to realty where the damage does not exceed $20, it was improper to limit damages to that occurring at the time the nuts were thrown on the land.

4. MALICIOUS MISCHIEF—"PROXIMATE CAUSE" DEFINED.—A proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.

5. MALICIOUS MISCHIEF—"EFFICIENT INTERVENING CAUSE" DEFINED.— An efficient intervening cause is not one produced by a wrongful act or omission, but independent of it, and adequate to bring the injurious results. Any cause intervening between the first wrongful cause and the final injury which might reasonably have been

forseen or anticipated by the original wrongdoer is not such an efficient intervening cause as will relieve the original wrong of its character as the proximate cause of the final injury.

6. CRIMINAL LAW—GRANTING OF NEW TRIAL HELD PREDICATED WHOLLY UPON VIEW OF LAW.—The ground upon which the trial Judge granted a new trial after a conviction for malicious injury to realty under 2 Code, 1922, § 74, *held* predicated wholly upon a view of the law.

Before DEVORE, J., Sumter, October 1922, Reversed.

From an order granting a new trial to J. M. Des Champs after a conviction of violating the malicious mischief statute, the State appeals.

*Messrs. F. A. McLeod, Solicitor,* and *Epps & Levy,* for appellant, cite: *Order appealable:* 123 S. C., 50.

*Messrs. Harby, Nash & Hodges* for respondent.

December 6, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The defendant was convicted of a violation of the statute, now Section 74, 2 Code 1922, the provisions of which are as follows:

"Whoever shall willfully, unlawfully, and maliciously cut, mutilate, deface, or otherwise injure, any tree, house, outhouse, fence, or fixture of another, or commit any other trespass upon real property in the possession of another, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined and imprisoned, at the discretion of the Judge before whom the case shall be tried: Provided, that when the damage to such property does not exceed twenty dollars, the punishment shall be a fine of not more than one hundred dollars, or imprisonment for a period of not more than thirty days."

The nature of the offense charged and proved was that the defendant, who lived some 300 or 400 yards from one P. B. Hodges, on adjoining land, drove along the public

highway and threw the live nuts of nut grass a noxious and injurious plant, into the fields of his neighbor, Hodges, to the damage of the latter's farm in an amount exceeding $20. The evidence tended to establish damage to the land in an amount ranging from several hundred dollars to $1,000.

The Circuit Judge granted a new trial upon the following ground:

"Take this down, Mr. Stenographer: 'The injury or damage contemplated by that act must be the direct result of the trespass, concurring as an incident in point of time, or, if not concurrent in point of time, then the act relied upon to constitute trespass should operate voluntarily, directly without any responsible intervening cause to produce the injury and damage, and unless the damage is above twenty dollars, this Court has no jurisdiction.' A new trial is given for the reasons taken down by the stenographer."

The ruling quoted was prefaced by certain remarks of the Judge which tend to explain and elucidate the ruling, as follows:

"Under that statute, it seems to me that the charge of trespass, or rather of damage, must follow immediately with the act charged, with trespass. Now, the throwing the nut grass, such as the evidence here showed, wrapped up in balls, that itself could not have damaged the land, unless the ball fell and mashed down the land, except by the act of God. That could not be an immediate damage caused by the act of trespass charged."

From the order granting the new trial the State has appealed upon the ground that it was based wholly upon an erroneous view of the law. The question of the State's right to appeal has not been raised, but where the grant of a new trial in a criminal cause is predicated wholly upon error of law, we think an appeal by the State will lie. *State v. Benton,* 85 S. C., 107; 67 S. E., 143. *State v. Lynn,* (S. C.), 113 S. E., 74. *State v. Johnson,* (S. C.), 115

S. E., 748. In the case at bar doubtless in recognition of that consideration, the able and learned Circuit Judge seems to have rested his ruling squarely upon the proposition of law embodied in his construction of the malicious mischief statute, as above indicated.

In the view of the statute taken by the Circuit Judge, 2, 3 however, we find ourselves unable to concur. The tort here involved, denounced as a misdemeanor by the statute, is the malicious "trespass upon real property"; the "damage to such property" the *quantum* of which determines the punishment, which in turn determines the Court having jurisdiction of the offense, is any damage which results from the wrongful act or trespass as a natural and probable consequence. The law applicable in asserting and appraising the consequential damage resulting from such criminal act is the familiar law of proximate cause. But that doctrine is more broadly, rather than more narrowly, applied against the wrongdoer in a criminal prosecution than against the *tortfeasor* in a civil action. Thus, in a criminal action, the wrongdoer whose crime has resulted in injury to another will not be absolved on the ground that the wrongful act or negligence of the person injured contributed to the injury as a proximate cause. 16 C. J. 93, § 63. *State v. Hanahan,* 111 S. C., 58; 96 S. E., 667. *State v. Badgett,* 87 S. C., 543; 70 S. E., 301. In limiting the damage contemplated by the statute to damage concurring in point of time with the original trespass, that is, the throwing of the nuts or the objectionable grass upon the land, or to that damage which the trespass (not the nuts) operated "voluntarily, directly, without any responsible intervening cause," to produce, we think the trial Court, in any view of the application of the law of proximate cause to the facts of this case, was in error. The view of the law, as clearly interpreted and applied by the Court to the undisputed facts, excluded from consideration the injury to the land caused by the growth and spread of the grass from the nuts thrown

upon the soil, and the consequent damage to the owner or
possessor of the land from the presence of the deleterious
growth springing from the nuts, measurable by such con-
siderations as the amount of expense required to extermi-
nate the grass, loss from its injurious effect upon cultivated
crops, depreciation in the market value of the land, etc.

One of the best and most widely quoted definitions
of proximate cause is the following:

"The proximate cause of an injury is that cause
which, in natural and continuous sequence, unbroken by
any efficient intervening cause, produces the injury, and
without which the result would not have occurred." 22
R. C. L., 110, § 2.

The efficient "intervening cause must be one not pro-
duced by the wrongful act or omission, but independent
of it, and adequate to bring injurious results." *Mack v.
Railroad,* 52 S. C., 336; 29 S. E., 910; 40 L. R. A., 679;
68 Am. St. Rep., 913. *Cooper v. Richland County,* 76
S. C., 20; 56 S. E., 958; 10 L. R. A. (N. S.), 799; 121
Am. St. Rep., 946. Any cause intervening between the first
wrongful cause and the final injury, which might reasonably
have been foreseen or anticipated by the original wrong-
doer, is not such efficient intervening cause as will relieve
the original wrong of its character in law as the "proximate
cause" of the final injury. *Harrison v. Berkely,* 1 Strob.,
525, 549. *Cooper v. Richland County, supra;* 22 R. C.
L., 134, § 19. Between the throwing of live nuts of nut
grass upon the fertile soil of Sumter County and the final
result of damage to the land from a crop of nut grass
grown from the nuts so placed we see no room for "a re-
sponsible intervening cause" that could operate to denature
the original wrong, the sowing of the seed, of its legal
character and efficacy as the proximate cause of a conse-
quence so clearly natural and probable. The case in that
aspect would seem too plain to warrant illustration or
discussion. Matt. 13:25, 26.

Since the order of the Circuit Judge was based upon a legal conclusion not in accord with the foregoing views, it is the judgment of this Court that the order granting a new trial be and is hereby, reversed, and the cause remanded to the Circuit Court for the imposition of sentence, pursuant to the verdict heretofore rendered.

Reversed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS, FRASER and COTHRAN, concur.

### On Petition for Rehearing

*Per Curiam.*  The point to which the petition for a rehearing is directed, viz. that the Circuit Judges order was so far predicated upon his view of the weight and sufficiency of the evidence as to preclude appeal by the State, was not overlooked by the Court in the consideration of the appeal or in the preparation of the opinion heretofore filed.  In view, however of the respondent's affidavit to the effect that he was prevented by sickness from arguing the cause, in person or by attorney, upon the hearing of this Court, the appeal record has been carefully reexamined.

The ground upon which the Circuit Judge rested the order for a new trial, as pointed out in the opinion, was definitely stated.  The prefatory remarks of the Judge by way of comment on the evidence as to the amount of damages are referable to and controlled by the view of the law as to the construction of the statute upon which the Judge's ruling was expressly based.  The record discloses no valid reason for impeaching the correctness of the conclusion that the Circuit Judge's order was predicated wholly upon a view of the law, in which this Court does not concur.  It follows that the petition for rehearing must be denied and the order staying the remittitur revoked.

It is accordingly so ordered.