19121

The STATE, Appellant, v. W. H. HOLLIDAY, Respondent.

(177 S. E. (2d) 541)

---

[1] *Rourk v. Selvey,* 252 S. C. 25, 164 S. E. (2d) 909 (1968).

*Messrs. Daniel R. McLeod, Attorney General,* and *Michael W. Tighe, Assistant Attorney General,* of Columbia, and *G. Werber Bryan, Sumter County Attorney,* and *Howard P. King,* of Sumter, *for Appellant,*

*Messrs. Weinberg & Weinberg, Jan L. Warner,* and *M. M. Weinberg, Jr.,* of Sumter, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Michael Tighe, Assistant Attorney General,* of Columbia, and *G. Werber Bryan, Sumter County Attorney,* and *Howard P. King,* of Sumter, *for Appellant,*

November 6, 1970.

LEWIS, Justice.

Respondent, W. H. Holliday, was convicted in magistrate's court for driving a motor vehicle while under the influence of intoxicants in violation of Section 46-343 of the 1962 Code of Laws. He was initially taken into custody for such violation under an unlawful arrest. Upon appeal to the circuit court, the conviction was reversed solely upon the legal ground that such unlawful arrest vitiated the subsequent conviction. The State has appealed, contending that the lower court was in error and that the judgment of the magistrate's court should be reinstated.

Before reaching the basic issue in the appeal, we must first dispose of respondent's contention that the State has no right of appeal from the judgment reversing his conviction.

Apparently, under the common law as adopted in this country, the State had no right in a criminal case to appeal from a judgment in favor of the defendant. *United States v. Sanges,* 144 U. S. 310, 12 S. Ct. 609, 36 L. Ed. 445; 24 C. J. S. Criminal Law § 1659.

While a limited right of appeal in criminal cases has been conferred upon the State by statute in a number of jurisdictions, the extent of the right of the prosecution to appeal in this jurisdiction has been defined by our judicial decisions.

Based primarily upon the double jeopardy provisions of the Constitution, *State v. Gathers,* 15 S. C. 370, we have long recognized that the State has no right of appeal from a judgment of *acquittal* in a criminal case, *State v. ·Lynn,* 120 S. C. 258, 113 S. E. 74; unless the ·verdict of acquittal was procured by the accused through fraud or collusion, *State v. Johnson,* 248 S. C. 153, 149 S. E. (2d) 348.

The following statement of the principle from 24 C. J. S. Criminal Law § 1663, was quoted with approval in *State v. Rogers,* 198 S. C. 273, 17 S. E. (2d) 563:

"Generally, in those jurisdictions where the common-law rule permitting a former acquittal to be pleaded as an absolute bar to a subsequent prosecution prevails, and in those jurisdictions where the Constitution provides that no one shall be twice put in jeopardy for the same offense, it is held that no writ of error, appeal, or other proceeding lies on behalf of the state to review or to set aside a verdict or a judgment of acquittal in a criminal case, although there may have been error committed by the court, or a perverse finding by the jury."

However, since double jeopardy is not involved in such situations, we have held that the State may appeal from an order quashing an indictment, *State v. Young,* 30 S. C. 399, 9 S. E. 355; *State v. Bouknight,* 55 S. C. 353, 33 S. E. 451; or from a judgment reversing or setting aside a conviction on purely legal grounds, *State v. Long,* 66 S. C. 398, 44 S. E. 960; *State v. Johnson,* 76 S. C. 39, 56 S. E. 544; *State v. DesChamps,* 126 S. C. 416, 120 S. E. 491.

An informative article on the subject of State appeals in criminal prosecutions may be found in 3 S. C. L. Q. 154.

The order under appeal was not concerned with the weight or sufficiency of the evidence, but was based upon the wholly legal ground that the unlawful· arrest, within itself, vitiated the conviction. Since the conviction was reversed on a purely legal ground, the State had the right to appeal from such judgment.

The parties agree that the respondent was arrested without a warrant on February 3, 1970 under circumstances which made such arrest unlawful. The basic issue in the appeal concerns the effect of the unlawful arrest upon the subsequent conviction of respondent.

The trial proceedings are not included in the record, but the parties have stipulated the facts which determine the scope of the present inquiry. The only reference in the present record to the issue raised in the lower court relative to the unlawful arrest is contained in the following from the "Stipulated Facts":

"Proper motion was made to dismiss the charge against the defendant on the grounds that the arrest was illegal and therefore void, and any conviction following said arrest would necessarily be void. This motion was denied at the conclusion of the State's testimony by Judge Hogan as well as at the conclusion of the testimony of the defendant."

Respondent now argues that the question presented includes the admissibility at the trial of evidence obtained during the period of the unlawful arrest. The record fails to show that this objection was made at the trial or presented on appeal to the circuit court, and it cannot be raised for the first time on appeal to this court.

Accordingly, in view of the limited scope of the stipulated facts and the issue presented in the lower court, the question to be decided is confined to the narrow issue of whether the mere fact of the unlawful arrest of respondent precludes his subsequent conviction of the offense for which he was arrested. We have held that it does not. *State v. Waitus*, 226 S. C. 44, 83 S. E. (2d) 629; *State v. Swilling*, 246 S. C. 144, 142 S. E. (2d) 864; *Thompson v. State*, 251 S. C. 593, 164 S. E. (2d) 760.

The applicable rule, deducible from the foregoing decisions, is thus stated in 22 C. J. S. Criminal Law § 144, page 383:

"* * *, the illegal arrest of one charged with crime is no bar to his prosecution if all other elements necessary to give a court jurisdiction to try accused are present, a conviction in such a case being unaffected by such unlawful arrest."

After the arrest of respondent, a proper warrant was issued, which conferred jurisdiction upon the magistrate's court. Section 43-111, 1962 Code of Laws. Under the present facts, the illegality of the initial arrest did not bar respondent's subsequent prosecution and conviction of the offense charged.

The judgment of the circuit court is reversed, and the judgment of the magistrate's court is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.