20732

The STATE, Appellant, v. Albert G. BIEHL, Respondent.
(246 S. E. (2d) 859)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Richard P. Wilson,* Columbia, *for appellant.*

*Charles F. Cooper, II* of *Ratchford & Cooper,* Columbia, *for respondent.*

August 1, 1978.

LITTLEJOHN, Justice:

The respondent, Albert G. Biehl, was arrested following an automobile accident in the city of Cayce by a city police officer, and charged with driving a motor vehicle while under the influence of intoxicants, in violation of § 56-5-2930, *Code of Laws of South Carolina* (1976). He was tried before a magistrate and found guilty by a jury. From such conviction, he appealed to the Court of Common Pleas for Lexington County. The circuit judge sustained the appeal, reversed the conviction and in essence ruled that the lower court was without jurisdiction to try and dispose of the matter. From the order setting aside the conviction, the State has appealed to this court.

It would appear that the arresting officer arrived soon after the collision and did not see Biehl actually driving a motor vehicle. The officer issued a uniform traffic summons and arrested Biehl based on facts which were disclosed upon his arrival at the collision scene, and based on information with which he was supplied. A breathalyzer test was administered, but such was not used in the trial of the case. At

trial, the State relied entirely upon independent eyewitnesses, who testified that Biehl was driving a motor vehicle and was under the influence of an intoxicant.

The circuit judge upset the conviction because no warrant was procured and served upon Biehl. Section 22-3-710 relates to commencing actions before magistrates in criminal cases, and reads:

"Proceedings commenced on information. All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue."

This is a statute of long standing.

In 1967, with an amendment in 1971, the legislature enacted a statute (§ 56-7-10) which, at the time of the offense here involved, read as follows:

"Uniform traffic ticket shall be used by all law-enforcement officers; effect of service; forms.

There shall be one uniform traffic ticket used by all law-enforcement officers in the State, counties and municipalities having traffic jurisdiction, the service of which shall vest all traffic courts with jurisdiction to hear and dispose of the charge for which such ticket was issued and served, and which shall have the following forms: . . .."

This statute does not repeal § 22-3-710. It merely provides a method of acquiring jurisdiction in traffic cases tried in "all traffic courts."

On this appeal we must determine whether a traffic court acquires jurisdiction to hear a case involving an offense which the officer, who issued the summons, did not actually see. In *State v. Prince,* 262 S. C. 89, 202 S. E. (2d) 645 (1974), we held that an arrest warrant was not required and that § 56-7-10 vests traffic courts with jurisdiction to hear and dispose of charges for which uniform traffic tickets are issued. It is the contention of coun-

sel for Biehl that *Prince* is of no comfort to the State and that our ruling in *Prince* should apply only to cases in which the officer actually observed the violation of the law. While we do not hold that an officer may arrest for a misdemeanor not committed within his presence, we do hold that the issuance of a uniform traffic ticket vests jurisdiction in the traffic court, even though the officer may not have personally seen the accused person commit the offense with which he is charged. The issuance of the uniform traffic ticket merely summons the accused person to appear before a magistrate, where he may submit any contention relative to the preservation of his rights.

It is the contention of Biehl that his arrest was illegal and that all proceedings following his arrest were invalid. We held in *State v. Holliday,* 255 S. C. 142, 177 S. E. (2d) 541 (1970), that the illegality of an initial arrest did not bar the accused person's subsequent prosecution and conviction of the offense charged. This is consistent with views expressed by the United States Supreme Court. *See Frisbie v. Collins,* 342 U. S. 519, 72 S. Ct. 509, 96 L. Ed. 541 (1952). Biehl argues that our ruling in *State v. Holliday, supra,* should not be applied here because in *Holliday* a warrant was subsequently issued. We are of the opinion that this difference does not warrant the conclusion for which Biehl argues.

We would point out that no evidence used in the trial of this case was procured as a result of the arrest and, accordingly, we express our opinion on what the ruling might be if evidence had been procured growing out of the arrest.

We are of the opinion that the lower court erred in setting aside the conviction. Accordingly, the order of the lower court is reversed and the conviction and sentence reinstated.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.