577 S.E.2d 456

The STATE, Appellant,

v.

Regina D. McKNIGHT, Respondent.

No. 25597.

Supreme Court of South Carolina.

Heard Feb. 4, 2003.

Decided Feb. 24, 2003.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia, and John Gregory Hembree, of Conway, for appellant.

C. Rauch Wise, of Greenwood, for respondent.

Suzanne E. Groff, of Charleston, for amicus curiae.

PER CURIAM.

McKnight was indicted for homicide by child abuse and distribution of cocaine after giving birth to a stillborn infant which had benzoylecgonine, a substance metabolized by cocaine, in its system. At the conclusion of the state's evidence, the trial court granted McKnight a directed verdict on the distribution of crack cocaine charge.[1] The state appeals the grant of a directed verdict to McKnight.

In *State v. Holliday*, 255 S.C. 142, 177 S.E.2d 541 (1970), this Court recognized limited situations where the state may appeal, stating,

> While a limited right of appeal in criminal cases has been conferred upon the State by statute in a number of jurisdictions, the extent of the right of the prosecution to appeal in this jurisdiction has been defined by our judicial decisions.

---

1. The jury convicted McKnight of homicide by child abuse, and we affirmed that conviction in *State v. McKnight*, 352 S.C. 635, 576 S.E.2d 168 (2003)(*McKnight I* ).

Based primarily upon the double jeopardy provisions of the Constitution, we have long recognized that the State has **no right of appeal from a judgment of acquittal in a criminal case,** *State v. Lynn,* 120 S.C. 258, 113 S.E. 74; **unless the verdict of acquittal was procured by the accused through fraud or collusion,** *State v. Johnson,* 248 S.C. 153, 149 S.E.2d 348.

(Emphasis supplied). Citing *State v. Rogers,* 198 S.C. 273, 17 S.E.2d 563 (1941), the Court noted that "no writ of error, appeal, or other proceeding lies on behalf of the state to review or to set aside a verdict or a judgment of acquittal in a criminal case, **although there may have been error committed by the court,** or a perverse finding by the jury." 255 S.C. at 145, 177 S.E.2d at 542–43. (Emphasis supplied). These cases are premised upon the basic double jeopardy principle that a defendant in a criminal prosecution is in legal jeopardy when he has been placed upon trial under a valid indictment and a competent jury has been sworn. *State v. Steadman,* 216 S.C. 579, 59 S.E.2d 168 (1950).[2]

Accordingly, as there is no right in this state[3] to appeal the grant of a directed verdict in the defendant's favor, the state's appeal is dismissed.

**APPEAL DISMISSED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. The state may appeal an order quashing an indictment, *State v. Bouknight,* 55 S.C. 353, 33 S.E. 451 (1899); *State v. Young,* 30 S.C. 399, 9 S.E. 355 (1889), or the grant of a new trial after conviction if based on an error of law. *State v. Dasher,* 278 S.C. 395, 297 S.E.2d 414 (1982); *State v. DesChamps,* 126 S.C. 416, 120 S.E. 491 (1923). These situations, however, involve either a dismissal prior to the jury being sworn, or the grant of a new trial following **conviction,** not an **acquittal.**

3. The state's reliance on federal caselaw is misplaced. This Court has specifically noted that the state's right of appeal is governed by statute and caselaw. *State v. Miller,* 289 S.C. 426, 346 S.E.2d 705 (1986)(federal cases cited by appellant concern federal statute and had no applicability to state court appeals); *State v. Holliday, supra* (extent of the right of the prosecution to appeal in this jurisdiction has been defined by our judicial decisions).