652 S.E.2d 400

The STATE, Respondent,

v.

Charles Jordan TILLINGHAST, Appellant.

No. 26384.

Supreme Court of South Carolina.

Heard Sept. 19, 2007.

Decided Oct. 22, 2007.

Trent N. Pruett, of Pruett Law Firm, of Gaffney, for appellant.

General Counsel Charles H. Sheppard and Assistant General Counsel Rachel D. Erwin, both of the S.C. Department of Public Safety, of Blythewood, for respondent.

PER CURIAM.

Appellant was charged with possession of alcohol by a minor in violation of S.C.Code Ann. § 20–7–8920 (Supp.2006).[1] The case was heard in magistrate's court. After the State's presentation of its case, the magistrate granted appellant's motion for a directed verdict on the ground § 20–7–8920 was unconstitutional as applied to appellant.

Thereafter, the State appealed to the circuit court and argued that the magistrate erred by directing a verdict of not guilty. At a hearing to determine whether the circuit court had jurisdiction to hear the State's appeal, the State indicated it was not seeking to reinstate the charge against appellant, but was seeking review of the magistrate's finding that the statute was unconstitutional. The court found that it had jurisdiction to hear the appeal and subsequently found the magistrate had erred by ruling § 20–7–8920 was unconstitutional. Appellant now appeals.

## ISSUE

Did the circuit court have jurisdiction to hear the appeal?

## DISCUSSION

■ Appellant argues the State does not have a right to appeal from a judgment in favor of a defendant in a criminal case. The State counters that it has the right to appeal on purely legal grounds.

We have recognized there are limited situations where the State may appeal. *State v. McKnight,* 353 S.C. 238, 577 S.E.2d 456 (2003). In *State v. Holliday,* 255 S.C. 142, 177 S.E.2d 541 (1970), we stated that,

While a limited right of appeal in criminal cases has been conferred upon the State by statute in a number of jurisdic-

---

1. Section 20–7–8920 was amended in June 2007. The amendment does not affect the instant case.

tions, the extent of the right of the prosecution to appeal in this jurisdiction has been defined by our judicial decisions.

Based primarily upon the double jeopardy provisions of the Constitution, we have long recognized that the State has no right of appeal from a judgment of acquittal in a criminal case, unless the verdict of acquittal was procured by the accused through fraud or collusion.

*State v. Holliday*, 255 S.C. at 144–145, 177 S.E.2d at 542 (internal citations omitted).

The *Holliday* court noted that "no writ of error, appeal, or other proceeding lies on behalf of the state to review or to set aside a verdict or a judgment of acquittal in a criminal case, although there may have been error committed by the court, or a perverse finding by the jury." *Id.* at 145, 177 S.E.2d at 542–543 (citation omitted). These cases refusing the State's right of appeal are premised upon the basic double jeopardy principle that a defendant in a criminal prosecution is in legal jeopardy when he has been placed on trial under a valid indictment and a competent jury has been sworn. *State v. McKnight, supra.*

■ As noted in *State v. McKnight*, 353 S.C. at 239, n. 2, 577 S.E.2d at 457, n. 2, the State may appeal an order quashing an indictment or the grant of a new trial after conviction if based on an error of law. However, these situations involve either a dismissal prior to the jury being sworn or the grant of a new trial following *conviction*, not an *acquittal*.

Whether or not the magistrate erred in his ruling of law, appellant was acquitted and is now out of court. The circuit court erred by finding the State may appeal the magistrate's ruling. Accordingly, the decision of the circuit court is

**REVERSED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.