# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Daniel Demond Griffin, Petitioner.

Appellate Case No. 2015-001839

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Greenwood County
Thomas L. Hughston, Jr., Circuit Court Judge

---

Opinion No. 27635
Submitted April 19, 2016 – Filed May 11, 2016

---

## AFFIRMED AS MODIFIED

---

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, and Assistant
Attorney General John Benjamin Aplin, both of
Columbia, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the Court of
Appeals' decision in *State v. Griffin*, 413 S.C. 258, 776 S.E.2d 87 (Ct. App. 2015).

We grant the petition, dispense with further briefing, and affirm the Court of Appeals' decision as modified.

After the start of trial, Petitioner moved to dismiss the case on the grounds that the deputies involved in his arrest and detainment were not duly qualified pursuant to S.C. Code Ann. §§ 23-13-10 and -20 (2007), because: (1) they were not properly bonded; (2) their oaths of office were not properly evidenced by a certificate signed by the sheriff until after Petitioner's arrest; and (3) the certificates acknowledging their appointments and oaths were not properly authenticated in the public record. The motion was denied.

The Court of Appeals affirmed the trial court's ruling, finding the deputies could be considered "de facto deputies despite their failure to comply with all of the requirements of sections 23-13-10 and 23-13-20," because they: (1) were employed with the sheriff's office for a significant amount of time; (2) stated at trial they were bonded and had taken an oath to every sheriff for whom they had worked; (3) performed duties consistent with their appointments as deputies; and (4) were identifiable to Petitioner as deputy sheriffs who had the authority to act.

However, we find such an analysis unnecessary, as it is well established that "the illegality of an initial arrest [does] not bar the accused person's subsequent prosecution and conviction of the offense charged." *State v. Biehl*, 271 S.C. 201, 246 S.E.2d 859 (1978); *see also Frisbie v. Collins*, 342 U.S. 519 (1952); *State v. Holliday*, 255 S.C. 142, 177 S.E.2d 541 (1970); 5 Am. Jur. 2d *Arrest* § 129 (2016) ("The illegality of an arrest does not preclude trial of the accused for the offense."). Petitioner asked for his case to be dismissed with prejudice, a remedy that runs contrary to the established law of South Carolina. Therefore, the trial court did not err in denying Petitioner's motion to dismiss, regardless of whether the underlying arrest was unlawful or committed lawfully by de facto sheriff's deputies.

Accordingly, we vacate the Court of Appeals' analysis, but affirm on the grounds set forth above.

The decision of the Court of Appeals is hereby

**AFFIRMED AS MODIFIED**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**