# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

David Zackary Ledford, Respondent.

Appellate Case No. 2016-000791

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenwood County
Eugene C. Griffith Jr., Circuit Court Judge

---

Opinion No. 27766
Heard September 27, 2017 – Filed February 28, 2018

---

## APPEAL DISMISSED

---

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor David Matthew Stumbo,
of Greenwood, for Petitioner.

Clarence Rauch Wise, of Greenwood, for Respondent.

---

**JUSTICE JAMES:** David Zackary Ledford was indicted for inflicting great bodily injury upon a child. The jury was sworn, and the case was tried up to the point of the charge conference between the trial court and the attorneys. During the charge

conference, the State objected to the trial court's decision to give a jury charge proposed by Ledford. The trial court overruled the objection, and the State filed a notice of appeal. The court of appeals promptly dismissed the State's appeal, finding the issue raised was not immediately appealable. We affirm the court of appeals and dismiss the State's appeal.

## FACTUAL AND PROCEDURAL HISTORY

David Zackary Ledford and Brianna Dickey (Mother) are the parents of a minor child (Child). In December 2013, Mother was not feeling well, and Ledford watched Child so Mother could go to the doctor. Shortly thereafter, Mother received a call from Ledford explaining Child was choking and not breathing. EMS transported Child to the hospital, and she remained hospitalized for approximately three weeks. At the time of the incident, Child was approximately three and a half months old. The State's theory was that Ledford violently shook and/or hit Child, causing great bodily injury. Ledford's theory was that he non-violently shook Child in an attempt to revive her after she made a "gurgling choking sound" and "went limp."

Ledford was indicted for inflicting great bodily injury upon a child—a violation of section 16-3-95 of the South Carolina Code (2015). The applicable portion of the statute does not set forth a specific level of intent the State must prove.[1] However, the indictment stated Ledford "willfully and unlawfully inflict[ed] great bodily injury upon a child."

On November 2, 2015, the case went to trial before a jury. The jury was empaneled and sworn, and following the conclusion of the presentation of evidence, Ledford submitted his requested jury charges to the trial court. One of Ledford's requested jury charges stated:

> "It is unlawful to inflict great bodily injury upon a child."
> To violate this statute, the [S]tate is required to prove that
> [Ledford] acted wil[l]fully. To act wil[l]fully, the [S]tate
> is required to prove that [Ledford] knew his act would

---

[1] Section 16-3-95(A) provides: "It is unlawful to inflict great bodily injury upon a child." Section 16-3-95(C) defines "great bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious or permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

inflict great bodily injury upon a child.  It is not sufficient that the [S]tate prove that he acted negligently, grossly negligent[ly] or reckless[ly] in his action.  Such actions are not wil[l]ful as alleged in the indictment.

Ledford explained his requested jury charge included the term "willfully" because the indictment alleged he "willfully" inflicted great bodily injury upon a child.  He asserted that because the State included this level of intent in the indictment, the State was required to prove to the jury he committed the crime "willfully."  The State objected to the proposed jury charge, arguing the jury charge added an element to the offense that was not in the statute.

The trial court determined Ledford's requested jury charge—except for the last sentence—was appropriate.  Before the trial court could charge the jury, the State filed its notice of appeal with the court of appeals.  The court of appeals promptly dismissed the State's appeal, ruling the trial court's decision to give the disputed jury charge was not immediately appealable.  We granted certiorari to review the court of appeals' order of dismissal.

## DISCUSSION

The State argues the trial court's ruling was immediately appealable because the ruling was based upon legal error that heightened its burden of proof and materially impaired its ability to proceed after all of its evidence was presented.  The State contends the trial court's ruling was patently erroneous and that the court of appeals failed to consider the unusual circumstances presented and the novel question of law presented in pursuit of this interlocutory appeal.  We conclude the court of appeals correctly dismissed the appeal.

"The right of appeal arises from and is controlled by statutory law." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005).  Rule 201(a) of the South Carolina Appellate Court Rules provides in pertinent part, "Appeal may be taken, as provided by law, from any final judgment, *appealable order or decision*." Rule 201(a), SCACR (emphasis added).  The determination of whether a party may appeal an order issued before or during trial is governed primarily by section 14-3-330 of the South Carolina Code.  *Hagood*, 362 S.C. at 195, 607 S.E.2d at 708.  Section 14-3-330(2) permits an immediate appeal in a law case from:

An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken

> or discontinues the action, (b) grants or refuses a new trial
> or (c) strikes out an answer or any part thereof or any
> pleading in any action[.]

S.C. Code Ann. § 14-3-330(2) (2017). "The provisions of section 14-3-330, including subsection (2), have been narrowly construed, and the immediate appeal of orders issued before or during trial generally has not been permitted." *State v. Wilson*, 387 S.C. 597, 601, 693 S.E.2d 923, 925 (2010). In *State v. McKnight*, 287 S.C. 167, 168, 337 S.E.2d 208, 209 (1985), we held that "[a] pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case" is immediately appealable under section 14-3-330(2). We have never extended the right of appeal to an adverse mid-trial ruling.

In the instant case, we hold the State's issue is not immediately appealable. An immediate appeal from a mid-trial ruling on a proposed jury charge is a different animal from an immediate appeal from a pre-trial evidentiary ruling which materially hampers the State's prosecution of a case. Section 14-3-330(2) requires the State to show that the trial court's decision to charge "willfulness" to the jury "in effect determines the action." The State simply has not made that showing. The trial court's decision to give the disputed charge might make it more difficult for the State to prove its case; however, it does not foreclose the possibility that the jury could find Ledford acted willfully in inflicting great bodily injury upon Child. Therefore, the trial court's decision to give the disputed charge did not in effect determine the action.

We acknowledge that if the appeal is dismissed, the State will have no opportunity for appellate review of the propriety of the disputed jury charge. If the jury were to return a verdict of acquittal, the State would not be able to appeal the trial court's jury charge. *See State v. Tillinghast*, 375 S.C. 201, 203, 652 S.E.2d 400, 401 (2007) (providing the State may not appeal from an acquittal when raising a question of law). However, the State's argument stands true for any objection the State may have to any ruling made by the trial court during trial. There are countless situations in which a trial court's mid-trial ruling could make the State's prosecution of its case more difficult, and the State would still be prohibited from appealing the trial court's decision if the jury returned a verdict of acquittal. If we were to adopt the State's reasoning, the State would conceivably be permitted to appeal any adverse mid-trial ruling on the ground the State would not be able to appeal the ruling following a verdict of acquittal. Section 14-3-330(2) cannot be interpreted to permit such appeals to go forward, as such an interpretation would result in the trial process becoming an unmanageable "stop-and-start" enterprise.

## CONCLUSION

We hold the trial court's decision to charge a "willful" level of intent was not immediately appealable.[2]  Therefore, we affirm the court of appeals and dismiss the State's appeal.

**APPEAL DISMISSED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**

---

[2] As we have affirmed the court of appeals' dismissal of the appeal, we do not decide: (1) the applicable level of intent the State must prove under section 16-3-95 of the South Carolina Code; (2) whether the trial judge was correct in ruling a charge on willfulness is appropriate in this instance; and (3) the logistical and other issues that may arise from the resumption of this trial.