**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Christopher Huggins, Respondent.

Appellate Case No. 2019-001067

———————

Appeal From Dorchester County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-320
Heard April 13, 2022 – Filed August 3, 2022

———————

**AFFIRMED**

———————

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Appellant.


Adam Joseph Russo, of Drennan Law Firm, LLC, of
Mount Pleasant, for Respondent.

———————

**PER CURIAM:** In an appeal from the circuit court acting in its appellate capacity, the State argues that the circuit court erred in finding the State's Notice of Appeal from the magistrate court was untimely. We affirm.

## FACTS/PROCEDURAL HISTORY

Respondent Christopher Huggins (Huggins) was ticketed for driving under the influence (DUI) in January 2016. At a pretrial hearing in front of a magistrate judge on March 14, 2017, Huggins moved to dismiss the case based on the State's failure to comply with the video recording statute.[1] The magistrate judge dismissed the case on April 25, 2017, and on May 22, 2017, the State served Huggins's counsel with a Notice of Appeal to the circuit court. The Notice of Appeal was filed on May 25, 2017,[2] the same day both Huggins's counsel and the magistrate court received the appeal. The magistrate court issued a Return on July 18, 2017, and Huggins filed a Motion to Dismiss Appeal.

On May 28, 2019, the circuit court held a hearing on the State's appeal and Huggins's Motion to Dismiss. At that hearing, the State maintained the dismissal by the magistrate was improper. Huggins argued that the appeal should be dismissed based on the State's failure to file the Notice of Appeal within ten days, relying on S.C. Code Ann. §§ 18-3-20, -30 (2014). The State argued that Title 18 was inapplicable and the Notice of Appeal only needed to be served and filed within 30 days of the order being filed pursuant to Rule 74, SCRCP. The circuit court granted Huggins's Motion to Dismiss Appeal and issued a Form 4 Order, in which the court stated that the State's appeal was not timely filed and therefore denied.

The State then served and filed a Motion for Reconsideration, maintaining that the appeal was timely or, in the alternative, seeking a formal written order setting forth the grounds for the court's dismissal of the appeal. The Motion for Reconsideration was denied by the circuit court. This appeal followed.

## STANDARD OF REVIEW

Our appellate review in criminal cases is limited to correcting errors of law. *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007), *abrogated on other grounds by State v. Taylor*, 436 S.C. 28, 38, 870 S.E.2d 168, 173 (2022).

---

[1] S.C. Code Ann. § 56-5-2953 (2018).

[2] The State's Notice of Appeal was served twenty-seven days, and filed thirty days, after the magistrate's order was issued.

## LAW/ANALYSIS

The State argues that Rule 74, SCRCP, rather than Title 18, should govern the time requirements for filing appeals from the magistrate court and that the circuit court erred in dismissing the appeal. We disagree.

"While a limited right of appeal in criminal cases has been conferred upon the State by statute in a number of jurisdictions, the extent of the right of the prosecution to appeal in this jurisdiction has been defined by our judicial decisions." *State v. Tillinghast*, 375 S.C. 201, 202–03, 652 S.E.2d 400, 401 (2007) (quoting *State v. Holliday*, 255 S.C. 142, 144, 177 S.E.2d 541, 542 (1970)). "Based primarily upon the double jeopardy provisions of the Constitution, we have long recognized that the State has no right of appeal from a judgment of [a]cquittal in a criminal case, unless the verdict of acquittal was procured by the accused through fraud or collusion." *Holliday*, 255 S.C. at 145, 177 S.E.2d at 542. However, the State may appeal in limited situations, including those involving a dismissal prior to the jury being sworn. *Tillinghast*, 375 S.C. at 203, 652 S.E.2d at 401. In the current case, the State sought to appeal the magistrate court's dismissal of a DUI case against Huggins. No jury had been sworn; thus, the State had the right to appeal.

Our precedents hold that the State's right to appeal "is defined by our *judicial decisions, not statutory law*." *State v. Belviso*, 360 S.C. 112, 115, 600 S.E.2d, 68, 70 (Ct. App. 2004) (emphasis added) (citing *State v. McKnight*, 353 S.C. 238, 238, 577 S.E.2d 456, 457 (2003)). However, we must ensure that "our judicial decisions addressing the 'right of appeal' are in accord with legislative intent." *Id.* at 117, 600 S.E.2d at 71. Further, in defining the State's right to appeal, we must construe applicable statutes in their entirety so as to avoid "a result so plainly absurd that it could not possibly have been intended by the Legislature." *Id.* at 116–17, 600 S.E.2d at 70–71 (quoting *Kiriakides v. United Artists Commc'ns, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994)). "In construing the statutory scheme as a whole, we 'escape the absurdity' and give efficacy to the manifest intention of the General Assembly." *Id.* "While it is true that the *purpose* of an enactment will prevail over the literal import of the statute, this does not mean that this [c]ourt can completely rewrite a plain statute." *Hodges v. Rainey*, 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000) (emphasis added). Our supreme court "has interpreted statutes in accord with legislative intent *despite contrary literal meaning* in cases where there has been an oversight by the legislature that is *clearly in conflict* with the overall intent of the statute." *Id.* (emphases added). "The [c]ourt's primary function in interpreting a statute is to ascertain the intent of the legislature." *Liberty Mut. Ins. Co. v. S.C.*

*Second Inj. Fund*, 318 S.C. 516, 518, 458 S.E.2d 550, 551 (1995) (citing *Browning v. Hartvigsen*, 307 S.C. 122, 414 S.E.2d 115 (1992)). "The real purpose of the legislature will prevail over the literal import of the words." *Id.*

Chapter 3 of Title 18 of the South Carolina Code applies to "Appeals From Magistrates in Criminal Cases." Section 18-3-30(A) provides: "The appellant, within ten days after sentence, shall file [the] notice of appeal with the clerk of circuit court and shall serve notice of appeal upon the magistrate . . . and upon the designated agent for the prosecuting agency or attorney who prosecuted the charge . . . ." The next subsection states "[a] person convicted in magistrate[']s court . . . may appeal his conviction within the time allotted . . . ." § 18-3-30(B).

Subsection (A) of the statute refers to "the appellant," provides the time frame to appeal as being "within ten days after *sentence*," and directs the appellant to "serve [the] notice of appeal upon . . . the designated agent for the prosecuting agency or attorney who prosecuted the charge." § 18-3-30(A). Associating the filing deadline with sentencing does not take into account circumstances in which no sentence exists, i.e., the State's appeal of either the dismissal of an indictment or other charging document before a jury is sworn, or the granting of a new trial after conviction. *See Tillinghast*, 375 S.C. at 203, 652 S.E.2d at 401 ("[T]he State may appeal an order quashing an indictment or the grant of a new trial after conviction if based on an error of law."). Additionally, as the State itself is the prosecuting agency to be served pursuant to subsection (A) and there is no alternative reference to service on the defendant, the State argues that its appeals from the magistrate's court cannot be subject to this provision's time frame and that its time requirements are provided instead by Rule 74, SCRCP.

The State's argument that Rule 74, SCRCP, applies is incorrect. Rule 74, SCRCP, provides guidance only when no time limits are prescribed by statute. In this instance, however, a ten-day time limit is provided in Title 18 that applies to both the defendant and the State with regard to filing appeals from the magistrate's court. Subsection (B) states "[a] person convicted in magistrate's court . . . may appeal his conviction within the time allotted in this section." § 18-3-30(B). While Title 18 indicates that the appellant implicitly contemplated is the defendant, we cannot imagine that the general assembly would not intend for the same ten-day period to apply to both parties. Any other reading of the time requirements set forth in Title 18, including one that would trigger the application of Rule 74 to provide time limits, would be inconsistent with the legislature's intent, as it would be plainly absurd to allow two similarly situated parties to be subject to two wholly inconsistent time requirements. *Belviso*, 360 S.C. at 116–117, 600 S.E.2d at 70–71 (holding that courts must construe statutes in a way that avoids "result[s] so plainly absurd that

[they] could not possibly have been intended by the Legislature." (quoting *Kiriakides*, 312 S.C. at 275, 440 S.E.2d at 366)); *see also Hodges*, 341 S.C. at 87, 533 S.E.2d at 582 ("[T]his [c]ourt has interpreted statutes in accord with legislative intent despite contrary literal meaning in cases where there has been an oversight by the legislature that is clearly in conflict with the overall intent of the statute."). Thus, Rule 74 does not apply in the instant case.

Therefore, we affirm the holding of the circuit court, because the State was properly subjected to the same ten-day requirement as a defendant appealing an order of the magistrate's court.

## CONCLUSION

We find the circuit court did not err in finding that the State's Notice of Appeal from the magistrate's court was untimely. Therefore, the ruling of the circuit court is

**AFFIRMED.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**